IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware corporation, and WIRELESS VALLEY COMMUNICATIONS, INC., a Delaware corporation, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ARUBA NETWORKS, INC., a Delaware corporation, <br><br> Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) C.A. No. 07-519-JJF ) ) ) ) **JURY DEMANDED** ) ) ) ) ) ) |

**REPLY OF SYMBOL TECHNOLGIES, INC. AND WIRELESS VALLEY COMMUNICATIONS, INC. TO COUNTERCLAIMS OF ARUBA NETWORKS, INC.**

Plaintiffs and Counterclaim Defendants Symbol Technologies, Inc. ("Symbol") and Wireless Valley Communications, Inc. ("Wireless Valley") (collectively "Plaintiffs"), by their counsel, as and for their Reply to the Answer ("Answer") and Counterclaims ("Counterclaims") of Defendant and Counterclaimant, Aruba Networks, Inc. ("Aruba"), state as follows:

### FOR A RESPONSE TO ARUBA'S INTRODUCTION AND SUMMARY

Because the Introduction and Summary contained in Aruba's Answer and Counterclaims fails to comply with the requirements of the Federal Rules of Civil Procedure, Symbol and Wireless Valley have today moved to strike the Introduction and Summary. Therefore, no response to that statement is required, and, in any event, to the extent that a response to that statement is required, Plaintiffs deny the allegations contained therein.

### FOR A RESPONSE TO THE PARTIES

69. Deny the allegations contained in paragraph 69 of the Counterclaims, except admits, on information and belief, that Aruba is a corporation organized under the laws of the

State of Delaware with its principal place of business at 1322 Crossman Avenue, Sunnyvale, California 94089-1113; that shares of Aruba are now traded on a public exchange; and that Aruba sells products used in connection with wireless communications networks.

70. Deny the allegations contained in Paragraph 70 of the Counterclaims, except admit that Symbol is a corporation organized under the laws of the state of Delaware; that it has its principal place of business at One Motorola Plaza, Holtsville, New York 11742-1300; that Symbol is a wholly-owned subsidiary of Motorola, Inc., which acquired the outstanding stock of Symbol in or about January 2007.

71. Deny the allegations contained in Paragraph 70 of the Counterclaims, except admit that Wireless Valley is a corporation organized under the laws of the state of Delaware; that it has its principal place of business at 4515 Seton Center Parkway, Suite 300, Austin, Texas 78759; and that Wireless Valley is a wholly-owned subsidiary of Motorola, Inc., which acquired the outstanding stock of Wireless Valley in or about December 2005.

### FOR A RESPONSE TO JURISDICTION AND VENUE

72. Admit the allegations contained in Paragraph 72 of the Counterclaims.

73. Admit the allegations contained in Paragraph 73 of the Counterclaims.

74. Admit the allegations contained in Paragraph 74 of the Counterclaims.

75. Admit the allegations contained in Paragraph 75 of the Counterclaims.

### FOR A RESPONSE TO COUNT 1 OF ARUBA'S COUNTERCLAIMS
**(Declaratory Judgment of Non-infringement of the '923 and '923 Patents)**

76. Repeat and re-allege each of their responses to Paragraphs 69 through 75 of the Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 66 of Aruba's Answer, which Aruba purports to incorporate by reference in Paragraph 76 of its Counterclaims; and

further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 66 of Aruba's Answer and reassert and reallege in full as if fully set forth herein the allegations contained in Paragraphs 1 through 66 of Plaintiffs' Complaint in this action.

77. Deny the allegations contained in Paragraph 77 of the Counterclaims, except admit that an actual and justiciable controversy exists between Aruba and Symbol with respect to the asserted claims of the '922 and '923 Patents, which Symbol alleges that Aruba infringes.

78. Deny the allegations contained in Paragraph 78 of the Counterclaims.

### FOR A RESPONSE TO COUNT 2 OF ARUBA'S COUNTERCLAIMS
### (Declaratory Judgment of Invalidity of the '923 and '923 Patents)

79. Repeat and re-allege each of their responses to Paragraphs 69 through 75 of the Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 66 of Aruba's Answer, which Aruba purports to incorporate by reference in Paragraph 79 of its Counterclaims; and further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 66 of Aruba's Answer and reassert and reallege in full as if fully set forth herein the allegations contained in Paragraphs 1 through 66 of Plaintiffs' Complaint in this action.

80. Deny the allegations contained in Paragraph 80 of the Counterclaims, except admit that an actual and justiciable controversy exists between Aruba and Symbol with respect to the asserted claims of the '922 and '923 Patents, which Symbol asserts are valid.

81. Deny the allegations contained in Paragraph 81 of the Counterclaims.

## FOR A RESPONSE TO COUNT 3 OF ARUBA'S COUNTERCLAIMS
### (Declaratory Judgment of Unenforceability of the '923 and '923 Patents)

82. Repeat and re-allege each of their responses to Paragraphs 69 through 75 of the Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 66 of Aruba's Answer, which Aruba purports to incorporate by reference in Paragraph 82 of its Counterclaims; and further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 66 of Aruba's Answer and reassert and reallege in full as if fully set forth herein the allegations contained in Paragraphs 1 through 66 of Plaintiffs' Complaint in this action.

83. Deny the allegations contained in Paragraph 83 of the Counterclaims, except admit that an actual and justiciable controversy exists between Aruba and Symbol with respect to the asserted claims of the '922 and '923 Patents, which Symbol asserts are enforceable.

84. Deny the allegations contained in Paragraph 84 of the Counterclaims.

85. Deny the allegations contained in Paragraph 85 of the Counterclaims.

## FOR A RESPONSE TO COUNT 4 OF ARUBA'S COUNTERCLAIMS
### (Declaratory Judgment of Non-infringement of the '454 and '622 Patents)

86. Repeat and re-allege each of their responses to Paragraphs 69 through 75 of the Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 66 of Aruba's Answer, which Aruba purports to incorporate by reference in Paragraph 86 of its Counterclaims; and further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 66 of Aruba's Answer and reassert and reallege in full as if fully set forth

herein the allegations contained in Paragraphs 1 through 66 of Plaintiffs' Complaint in this action.

87. Deny the allegations contained in Paragraph 87 of the Counterclaims, except admit that an actual and justiciable controversy exists between Aruba and Wireless Valley with respect to the asserted claims of the '454 and '622 Patents, which Wireless Valley alleges that Aruba infringes.

88. Deny the allegations contained in Paragraph 88 of the Counterclaims.

## FOR A RESPONSE TO COUNT 5 OF ARUBA'S COUNTERCLAIMS

### (Declaratory Judgment of Invalidity of the '454 and '622 Patents)

89. Repeat and re-allege each of their responses to Paragraphs 69 through 75 of the Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 66 of Aruba's Answer, which Aruba purports to incorporate by reference in Paragraph 89 of its Counterclaims; and further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 66 of Aruba's Answer and reassert and reallege in full as if fully set forth herein the allegations contained in Paragraphs 1 through 66 of Plaintiffs' Complaint in this action.

90. Deny the allegations contained in Paragraph 90 of the Counterclaims, except admit that an actual and justiciable controversy exists between Aruba and Wireless Valley with respect to the asserted claims of the '454 and '622 Patents, which Wireless Valley asserts are valid.

91. Deny the allegations contained in Paragraph 91 of the Counterclaims.

## FOR A RESPONSE TO COUNT 6 OF ARUBA'S COUNTERCLAIMS

### (Declaratory Judgment of Unenforceability of the '454 and '622 Patents)

92. Repeat and re-allege each of their responses to Paragraphs 69 through 75 of the Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 66 of Aruba's Answer, which Aruba purports to incorporate by reference in Paragraph 92 of its Counterclaims; and further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 66 of Aruba's Answer and reassert and reallege in full as if fully set forth herein the allegations contained in Paragraphs 1 through 66 of Plaintiffs' Complaint in this action.

93. Deny the allegations contained in Paragraph 93 of the Counterclaims; except admit that an actual and justiciable controversy exists between Aruba and Wireless Valley with respect to the asserted claims of the '454 and '622 Patents, which Wireless Valley asserts are enforceable; and respectfully refer the Court to Plaintiffs' motion to dismiss the portion of Count 6 related to the '622 Patent.

94. Deny the allegations contained in Paragraph 94 of the Counterclaims.

95. Deny the allegations contained in Paragraph 95 of the Counterclaims.

### DEMAND FOR JURY TRIAL

96. Admit that Aruba requests a jury trial.

### GENERAL DENIAL

97. Deny each and every other allegation in the Aruba's Answer and Counterclaims not heretofore expressly admitted.

WHEREFORE, in addition to the relief prayed for in Plaintiffs' Complaint for Patent Infringement, Plaintiffs requests that this Court:

A. Dismiss Aruba's Counterclaims with prejudice and declare that the '922, '923, '454, and '622 Patents are valid, enforceable, and infringed by Aruba;

B. Declare this an exceptional case and award Plaintiffs their costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

C. Award Plaintiffs' such other and further relief as the Court may deem just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
Arun Chandra
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

Dated December 10, 2007

836538 / 32106

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs*
*Symbol Technologies, Inc. and Wireless Valley Communications, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 10, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 10, 2007, I have Electronically Mailed the document to the following person(s):

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899
cottrell@rlf.com

Matthew D. Powers
Vernon M. Winters
Brandon C. Conard
Jason D. Kipnis
Weil, Gotshal & Manges LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
vernon.winters@weil.com
brandon.conard@weil.com
jason.kipnis@weil.com

Paul E. Torchia
Etai Lahav
Nicholas Groombridge
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
paul.torchia@weil.com
etai.lahav@weil.com
nicholas.groombridge@weil.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

816924 / 32106