## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware corporation, and WIRELESS VALLEY COMMUNICATIONS, INC., a Delaware corporation, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ARUBA NETWORKS, INC., a Delaware corporation, <br><br> Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 07-519-JJF <br><br> **JURY DEMANDED** |

### REPLY DECLARATION OF LAWRENCE BROCCHINI IN FURTHER SUPPORT OF JOINT MOTION OF SYMBOL TECHNOLOGIES, INC. AND WIRELESS VALLEY COMMUNICATIONS, INC. (1) TO STRIKE THE FIFTH, SIXTH, AND NINTH DEFENSES AND INTRODUCTION; AND (2) DISMISS, IN PART, COUNT SIX OF ARUBA'S COUNTERCLAIMS

LAWRENCE BROCCHINI, under penalty of perjury, declares as follows:

1. I am a member of Hogan & Hartson LLP, co-counsel for Plaintiffs and Counterclaim Defendants Symbol Technologies, Inc. ("Symbol") and Wireless Valley Communications, Inc. ("Wireless Valley") in this action. I am admitted to practice before the courts of the State of New York, and have been admitted to practice *pro hac vice* before this Court in this matter. I submit this reply declaration for the purposes of placing before the Court true and correct copies of documents referenced in Symbol Technologies, Inc.'s And Wireless Valley Communications, Inc.'s Reply Memorandum In Further Support Of Their Joint Motion (1) To Strike the Fifth, Sixth, And Ninth Defenses And Introduction; and (2) Dismiss, In Part, Count Six Of Aruba's Counterclaims ("Reply Memorandum"), being filed with the Court at this time.

2.  Attached as Exhibit 1 is a true and correct copy of excerpts of the Manual of Patent Practice and Procedure referenced in the Reply Memorandum.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

This 22nd day of January, 2008.

/s/ Lawrence Brocchini
LAWRENCE BROCCHIN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 22, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 22, 2008, I have Electronically Mailed the document to the following person(s):

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899
cottrell@rlf.com

Matthew D. Powers
Vernon M. Winters
Brandon C. Conard
Jason D. Kipnis
Weil, Gotshal & Manges LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
matthew.powers@weil.com
vernon.winters@weil.com
brandon.conard@weil.com
jason.kipnis@weil.com

Nicholas Groombridge
Paul E. Torchia
Etai Lahav
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
nicholas.groombridge@weil.com
paul.torchia@weil.com
etai.lahav@weil.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

816924 / 32106

# EXHIBIT 1

608.05(c)                          MANUAL OF PATENT EXAMINING PROCEDURE

request and payment of the fee set forth in 37 CFR 1.19(b)(3).

For a patent, the following page-wide text would appear:

<u>LENGTHY TABLE</u>

The patent contains a lengthy table section. A copy of the table is available in electronic form from the USPTO web site (http://seqdata.uspto.gov/?pageRequest=docDetail&docID=7654321B1). An electronic copy of the table will also be available from the USPTO upon request and payment of the fee set forth in 37 CFR 1.19(b)(3).

For a SIR, the following page-wide text would appear:

<u>LENGTHY TABLE</u>

The statutory invention registration contains a lengthy table section. A copy of the table is available in electronic form from the USPTO web site (http://seqdata.uspto.gov/?pageRequest=docDetail&docID=H0009999H1). An electronic copy of the table will also be available from the USPTO upon request and payment of the fee set forth in 37 CFR 1.19(b)(3).

The Office discourages the embedding of a lengthy table in the specification of a patent application. If a lengthy table is embedded in the specification of a patent application, and if the lengthy table is available in an electronic form (either XML or a format convertible to XML), when the patent, patent application publication or SIR is published, the following single-column statement will be inserted in place of each replaced table in the document.

<u>LENGTHY TABLE</u>

Lengthy table referenced here. Please refer to the end of the specification for access instructions.<

Form paragraphs 6.63.01 and 6.63.02 may be used to notify applicant of corrections needed to comply with the requirements of 37 CFR 1.52(e) and 37 CFR 1.58(b) with respect to tables.

\*\*>

¶ *6.63.01 CD-ROM/CD-R Requirements (Table Listing in Specification)*

The description portion of this application contains a table consisting of less than fifty one (51) pages only on a CD-ROM or CD-R. In accordance with 37 CFR 1.52(e), only a table of at least fifty one (51) pages may be submitted on a CD-ROM or CD-R. Accordingly, applicant is required to cancel the references to the CD-ROM/CD-R table appearing in the specification on pages[1], file a paper version of the table in compliance with 37 CFR 1.52 and change all appropriate references to the former CD-ROM/CD-R table to the newly added paper version of the table in the remainder of the specification

**Examiner Note:**
1. This form paragraph must be used whenever a table on a CD-ROM or CD-R consisting of less than fifty one (51) pages as part of the descriptive portion of the specification is filed on or after September 8, 2000. See MPEP § 608.05(b).
2. In bracket 1, insert the range of page numbers of the specification which reference the table.

<

¶ *6.63.02 Table on CD-ROM/CD-R Column/Row Relationship Not Maintained*

This application contains a table on CD-ROM/CD-R. Tables presented on CD-ROM/CD-R in compliance with 37 CFR 1.58 must maintain the spacial orientation of the cell entries. The table submitted does not maintain the data within each table cell in its proper row/column alignment. The data is misaligned in the table as follows: [1]. Applicant is required to submit a replacement compact disc with the table data properly aligned.

**Examiner Note:**
1. This form paragraph must be used whenever the data in a table cannot be accurately read because the data in the table cells do not maintain their row and column alignments.
2. In bracket 1, insert the area of the table that does not maintain the row and column alignments.

### 608.05(c)    Compact Disc Submissions of Biosequences

Filing of biosequence information on compact disc is now permitted in lieu of filing on paper. See MPEP § 2420 and § 2422.03.

### 609    Information Disclosure Statement [R-2]

*37 CFR 1.97. Filing of information disclosure statement.*
   (a) In order for an applicant for a patent or for a reissue of a patent to have an information disclosure statement in compliance with § 1.98 considered by the Office during the pendency of the

application, the information disclosure statement must satisfy one of paragraphs (b), (c), or (d) of this section.

(b) An information disclosure statement shall be considered by the Office if filed by the applicant within any one of the following time periods:

(1) Within three months of the filing date of a national application other than a continued prosecution application under § 1.53(d);

(2) Within three months of the date of entry of the national stage as set forth in § 1.491 in an international application;

(3) Before the mailing of a first Office action on the merits; or

(4) Before the mailing of a first Office action after the filing of a request for continued examination under § 1.114.

(c) An information disclosure statement shall be considered by the Office if filed after the period specified in paragraph (b) of this section, provided that the information disclosure statement is filed before the mailing date of any of a final action under § 1.113, a notice of allowance under § 1.311, or an action that otherwise closes prosecution in the application, and it is accompanied by one of:

(1) The statement specified in paragraph (e) of this section; or

(2) The fee set forth in § 1.17(p).

(d) An information disclosure statement shall be considered by the Office if filed by the applicant after the period specified in paragraph (c) of this section, provided that the information disclosure statement is filed on or before payment of the issue fee and is accompanied by:

(1) The statement specified in paragraph (e) of this section; and

(2) The fee set forth in § 1.17(p).

(e) A statement under this section must state either:

(1) That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement; or

(2) That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in § 1.56(c) more than three months prior to the filing of the information disclosure statement.

(f) No extensions of time for filing an information disclosure statement are permitted under § 1.136. If a *bona fide* attempt is made to comply with § 1.98, but part of the required content is inadvertently omitted, additional time may be given to enable full compliance.

(g) An information disclosure statement filed in accordance with section shall not be construed as a representation that a search has been made.

(h) The filing of an information disclosure statement shall not be construed to be an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in § 1.56(b).

(i) If an information disclosure statement does not comply with either this section or § 1.98, it will be placed in the file but will not be considered by the Office.

*37 CFR 1.98. Content of information disclosure statement.*

(a) Any information disclosure statement filed under § 1.97 shall include:

(1) A list of all patents, publications, applications, or other information submitted for consideration by the Office;

(2) A legible copy of:

(i) Each U.S. patent application publication and U.S. and foreign patent;

(ii) Each publication or that portion which caused it to be listed;

(iii) For each cited pending U.S. application, the application specification including the claims, and any drawing of the application, or that portion of the application which caused it to be listed including any claims directed to that portion; and

(iv) All other information or that portion which caused it to be listed; and

(3)(i) A concise explanation of the relevance, as it is presently understood by the individual designated in § 1.56(c) most knowledgeable about the content of the information, of each patent, publication, or other information listed that is not in the English language. The concise explanation may be either separate from applicant's specification or incorporated therein.

(ii) A copy of the translation if a written English-language translation of a non-English-language document, or portion thereof, is within the possession, custody, or control of, or is readily available to any individual designated in § 1.56(c).

(b)(1) Each U.S. patent listed in an information disclosure statement must be identified by inventor, patent number, and issue date.

(2) Each U.S. patent application publication listed in an information disclosure statement shall be identified by applicant, patent application publication number, and publication date.

(3) Each U.S. application listed in an information disclosure statement must be identified by the inventor, application number, and filing date.

(4) Each foreign patent or published foreign patent application listed in an information disclosure statement must be identified by the country or patent office which issued the patent or published the application, an appropriate document number, and the publication date indicated on the patent or published application.

(5) Each publication listed in an information disclosure statement must be identified by publisher, author (if any), title, relevant pages of the publication, date, and place of publication.

(c) When the disclosures of two or more patents or publications listed in an information disclosure statement are substantively cumulative, a copy of one of the patents or publications may be submitted without copies of the other patents or publications, provided that it is stated that these other patents or publications are cumulative.

(d) A copy of any patent, publication, pending U.S. application or other information, as specified in paragraph (a) of this section, listed in an information disclosure statement is required to be provided, even if the patent, publication, pending U.S. application or other information was previously submitted to, or cited by, the Office in an earlier application, unless:

(1) The earlier application is properly identified in the information disclosure statement and is relied on for an earlier effective filing date under 35 U.S.C. 120; and

(2) The information disclosure statement submitted in the earlier application complies with paragraphs (a) through (c) of this section.

>

(e) The requirement in paragraph (a)(2)(i) of this section for a copy of all listed U.S. patents and U.S. patent application publications does not apply to any information disclosure statement submitted in compliance with the Office's electronic filing system.<

Information Disclosure Statements (IDSs) are not permitted in provisional applications filed under 35 U.S.C. 111(b). See 37 CFR 1.51(d). Since no substantive examination is given in provisional applications, a disclosure of information is unnecessary. Any such statement filed in a provisional application will be returned or destroyed at the option of the Office.

In >nonprovisional< applications filed under 35 U.S.C. 111(a), applicants and other individuals substantively involved with the preparation and/or prosecution of the application have a duty to submit to the Office information which is material to patentability as defined in 37 CFR 1.56. The provisions of 37 CFR 1.97 and 37 CFR 1.98 provide a mechanism by which patent applicants may comply with the duty of disclosure provided in 37 CFR 1.56. Applicants and other individuals substantively involved with the preparation and/or prosecution of the patent application also may want the Office to consider information for a variety of other reasons; e.g., to make sure that the examiner has an opportunity to consider the same information that was considered by these individuals, or by another patent office in a counterpart or related patent application filed in another country.

>Third parties (individuals not covered by 37 CFR 1.56(c)) cannot file information disclosure statements under 37 CFR 1.97 and 37 CFR 1.98. Third parties may only submit patents and publications in compliance with 37 CFR 1.99 in applications published under 35 U.S.C. 122(b). See MPEP § 1134.01. Alternatively, third parties may provide information to the applicant who may submit the information to the Office in an IDS. See 37 CFR 1.56(d). The Office will review any improper IDS filed by a third party to determine whether the submission is in compliance with 37 CFR 1.99. The Office will discard any submission that is not in compliance with 37 CFR 1.99, before the application is forwarded to the examiner for examination.<

An information disclosure statement filed in accordance with the provisions of 37 CFR 1.97 and 37 CFR 1.98 will be considered by the examiner assigned to the application. The requirements for the content of a statement have been simplified in the rules, to encourage individuals associated in a substantive way with the filing and prosecution of a patent application to submit information to the Office so the examiner can *>evaluate< its relevance to the claimed invention. The procedures for submitting an information disclosure statement under the rules are designed to encourage individuals to submit information to the Office promptly and in a uniform manner. These rules provide certainty for the public by defining the requirements for submitting information disclosure statements to the Office so that the Office will consider information contained therein before a patent is granted.

The filing of an information disclosure statement shall not be construed as a representation that a search has been made. 37 CFR 1.97(g). There is no requirement that an applicant for a patent make a patentability search. Further, the filing of an information disclosure statement shall not be construed to be an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in 37 CFR 1.56(b). 37 CFR 1.97(h). See MPEP § 2129 regarding admissions by applicant.

In order to have information considered by the Office during the pendency of a patent application, an information disclosure statement must be (1) in compliance with the content requirements of 37 CFR 1.98, and (2) filed in accordance with the procedural

requirements of 37 CFR 1.97. The requirements as to content are discussed in subsection III.A below. The requirements based on the time of filing the statement are discussed in subsection III.B below. Examiner handling of information disclosure statements is discussed in subsection III.C below. >For discussion of IDS filed electronically (e-IDS) via the Office's Electronic Filing System (EFS), see subsection IV. below.<

Once the minimum requirements of 37 CFR 1.97 and 37 CFR 1.98 are met, the examiner has an obligation to consider the information. Consideration by the examiner of the information submitted in an IDS means nothing more than considering the documents in the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search. The initials of the examiner placed adjacent to the citations on the PTO-1449 or PTO/SB/08A and 08B or its equivalent mean that the information has been considered by the examiner to the extent noted above. ** Information submitted to the Office that does not comply with the requirements of 37 CFR 1.97 and 37 CFR 1.98 will not be considered by the Office but will be placed in the application file.

Multiple information disclosure statements may be filed in a single application, and they will be considered, provided each is in compliance with the appropriate requirements of 37 CFR 1.97 and 37 CFR 1.98. Use of form PTO-1449, "Information Disclosure Citation," or PTO/SB/08A and 08B, "Information Disclosure Statement," is encouraged as a means to provide the required list of information as set forth in 37 CFR1.98(a)(1). Applicants are encouraged to use the USPTO forms when preparing an information disclosure statement. A copy of forms PTO-1449, "Information Disclosure Citation" and PTO/SB/08A and 08B are reproduced at the end of this section to indicate how the forms should be completed. The forms will enable applicants to comply with the requirement to list each item of information being submitted and to provide the Office with a uniform listing of citations and with a ready way to indicate that the information has been considered.

### I. IDS IN CONTINUED EXAMINATIONS OR CONTINUING APPLICATIONS

**A.** *IDS That Has Been Considered (1) in the Parent Application, or (2) Prior to the Filing of a Request for Continued Examination (RCE)*

**1. Continued Prosecution Applications (CPAs) Filed Under 37 CFR 1.53(d) or File Wrapper Continuing (FWC) Applications Filed Under Former 37 CFR 1.62**

Information which has been considered by the Office in the parent application of a continued prosecution application (CPA) filed under 37 CFR 1.53(d), or a file wrapper continuing application (FWC) filed prior to December 1, 1997 under former 37 CFR 1.62, will be part of the file before the examiner and need not be resubmitted in the continuing application to have the information considered and listed on the patent.

**2. Continuation Applications or Divisional Applications, Filed Under 37 CFR 1.53(b) or Filed Under Former 37 CFR 1.60, or Continuation-In-Part Applications Filed Under 37 CFR 1.53(b)**

The examiner will consider information which has been considered by the Office in a parent application when examining (A) a continuation application filed under 37 CFR 1.53(b) or filed under former 37 CFR 1.60, (B) a divisional application filed under 37 CFR 1.53(b) or filed under former 37 CFR 1.60, or (C) a continuation-in-part application filed under 37 CFR 1.53(b). *>A listing of the< information need not be resubmitted in the continuing application unless the applicant desires the information to be printed on the patent.

**3. Requests for Continued Examination (RCE) Under 37 CFR 1.114**

Information which has been considered by the Office in the application before the filing of a RCE will be part of the file before the examiner and need not be resubmitted to have the information considered by the examiner and listed on the patent.

**B.  *IDS That Has Not Been Considered (1) in the Parent Application, or (2) Prior to the Filing of a Request for Continued Examination***

**1.  Continued Prosecution Applications Filed Under 37 CFR 1.53(d)**

Information filed in the parent application that complies with the content requirements of 37 CFR 1.98 will be considered by the examiner in the CPA. No specific request from the applicant that the previously submitted information be considered by the examiner is required.

**2.  File Wrapper Continuing Application Filed Under Former 37 CFR 1.62**

For FWC applications filed prior to December 1, 1997 under former 37 CFR 1.62, in order to ensure consideration of information complying with the content requirements of 37 CFR 1.98 previously submitted, but not considered, in a parent application, applicant must either specifically request that the previously submitted information be considered in the FWC or resubmit the information in the FWC in compliance with 37 CFR 1.97 and 37 CFR 1.98.

**3.  Continuation Applications or Divisional Applications, Filed Under 37 CFR 1.53(b) or Filed Under Former 37 CFR 1.60, or Continuation-In-Part Applications Filed Under 37 CFR 1.53(b)**

For these types of applications, in order to ensure consideration of information previously submitted, but not considered, in a parent application, applicant must resubmit the information in the continuing application in compliance with 37 CFR 1.97 and 37 CFR 1.98. >Pursuant to 37 CFR 1.98(d), if the IDS submitted in the parent application complies with 37 CFR 1.98(a) to (c), copies of the patents, publications, pending U.S. applications, or other information submitted in the parent application need not be resubmitted in the continuing application.<

**4.  Requests for Continued Examination Under 37 CFR 1.114**

Information filed in the application in compliance with the content requirements of 37 CFR 1.98 before the filing of a RCE will be considered by the examiner after the filing of the RCE. For example, an applicant filed an IDS in compliance with 37 CFR 1.98 after the mailing of a final Office action, but the IDS did not comply with the requirements of 37 CFR 1.97(d)(1) and (d)(2) and therefore, the IDS was not considered by the examiner. After applicant files a RCE, the examiner will consider the IDS filed prior to the filing of the RCE. For more details on RCE, see MPEP § 706.07(h).

**II.  NATIONAL STAGE APPLICATIONS**

The examiner will consider the documents cited in the international search report in a PCT national stage application when the Form PCT/DO/EO/903 indicates that both the international search report and the copies of the documents are present in the national stage file. In such a case, the examiner should consider the documents from the international search report and indicate by a statement in the first Office action that the information has been considered. There is no requirement that the examiner list the documents on a PTO-892 form.

In a national stage application, the following form paragraphs may be used where appropriate to notify applicant regarding references listed in the search report of the international application:
**>

¶ *6.53  References Considered in 37 U.S.C. 371 Application Based Upon Search Report - Prior to Allowance*

The references cited in the Search Report [1] have been considered, but will not be listed on any patent resulting from this application because they were not provided on a separate list in compliance with 37 CFR 1.98(a)(1). In order to have the references printed on such resulting patent, a separate listing, preferably on a PTO-1449 or PTO/SB/08A and 08B form, must be filed within the set period for reply to this Office action.

**Examiner Note:**
1. In bracket [1], identify the office (e.g., PCT, EPO, etc.) that issued the search report and the date it issued.
2. This form paragraph may be used for PCT National Stage applications submitted under 35 U.S.C. 371 where the examiner has obtained copies of the cited references. For applications filed from US, JPO or EPO search authorities, the copies of the references should be supplied by those offices under the trilateral agreement. However, if receipt of such copies is not indicated on the PCT/DO/EO/903 form in the file, burden is on the applicant to supply copies for consideration. See MPEP § 1893.03(g).
3. Instead of using this form paragraph, the examiner may list the references on a PTO-892, thereby notifying the applicant that

the references have been considered and will be printed on any patent resulting from this application.
4. This form paragraph should only be used prior to allowance when a statutory period for reply is being set in the Office action.
5. If the application is being allowed, form paragraph 6.54 should be used with the Notice of Allowability instead of this form paragraph.

¶ 6.54 References Considered in 37 U.S.C. 371 Application Based Upon Search Report - Ready for Allowance

The references cited in the Search Report [1] have been considered, but will not be listed on any patent resulting from this application because they were not provided on a separate list in compliance with 37 CFR 1.98(a)(1). In order to have the references printed on such resulting patent, a separate listing, preferably on a PTO-1449 or PTO/SB/08A and 08B form, must be filed within ONE MONTH of the mailing date of this communication. NO EXTENSION OF TIME WILL BE GRANTED UNDER EITHER 37 CFR 1.136(a) OR (b) to comply with this requirement.

**Examiner Note:**
1. In bracket [1], identify the office (e.g., PCT, EPO, etc.) that issued the search report and the date it issued.
2. This form paragraph may be used for PCT National Stage applications submitted under 35 U.S.C. 371 where the examiner has obtained copies of the cited references. For applications filed from US, JPO or EPO search authorities, the copies of the references should be supplied by those offices under the trilateral agreement. However, if receipt of such copies is not indicated on the PCT/DO/EO/903 form in the file, burden is on the applicant to supply copies for consideration. See MPEP § 1893.03(g).
3. Instead of using this form paragraph, the examiner may list the references on a PTO-892, thereby notifying the applicant that the references have been considered and will be printed on any patent resulting from this application.

¶ 6.55 References Not Considered in 35 U.S.C. 371 Application Based Upon Search Report

The listing of references in the Search Report is not considered to be an information disclosure statement (IDS) complying with 37 CFR 1.98. 37 CFR 1.98(a)(2) requires a legible copy of: (1) each U.S. and foreign patent; (2) each publication or that portion which caused it to be listed; (3) for each cited pending U.S. application, the application specification including claims, and any drawing of the application, or that portion of the application which caused it to be listed including any claims directed to that portion; and (4) all other information, or that portion which caused it to be listed. In addition, each IDS must include a list of all patents, publications, applications, or other information submitted for consideration by the Office (see 37 CFR 1.98(a)(1) and (b)), and MPEP § 609 subsection III. A(1) states, "the list ... must be submitted on a separate paper." Therefore, the references cited in the Search Report have not been considered. Applicant is advised that the date of submission of any item of information or any missing element(s) will be the date of submission for purposes of determining compliance with the requirements based on

the time of filing the IDS, including all "statement" requirements of 37 CFR 1.97(e). See MPEP § 609 subsection III. C(1).

**Examiner Note:**
1. This form paragraph may be used in National Stage applications submitted under 35 U.S.C. 371 where the international searching authority was not the US, EPO or JPO.

<

### III. MINIMUM REQUIREMENTS FOR AN INFORMATION DISCLOSURE STATEMENT

#### A. Content

An information disclosure statement must comply with the provisions of 37 CFR 1.98 as to content for the information listed in the IDS to be considered by the Office. Each information disclosure statement must comply with the applicable provisions of subsection III.A(1), A(2), and A(3) below.

#### A (1) List of All Patents, Publications, U.S. Applications, or Other Information

Each information disclosure statement must include a list of all patents, publications, U.S. applications, or other information submitted for consideration by the Office.

37 CFR 1.98(b) requires that each item of information in an IDS be identified properly. U.S. patents must be identified by the inventor, patent number, and issue date. U.S. patent application publications must be identified by the applicant, patent application publication number, and publication date. U.S. applications must be identified by the inventor, the eight digit application number (the two digit series code and the six digit serial number), and the filing date. If a U.S. application being listed in an IDS has been issued as a patent, the applicant should list the patent in the IDS instead of the application. Each foreign patent or published foreign patent application must be identified by the country or patent office which issued the patent or published the application, an appropriate document number, and the publication date indicated on the patent or published application. Each publication must be identified by publisher, author (if any), title, relevant pages of the publication, and date and place of publication. The date of publication supplied must include at least the month and year of publication, except that the year of publication (without the

609                MANUAL OF PATENT EXAMINING PROCEDURE

month) will be accepted if the applicant points out in the information disclosure statement that the year of publication is sufficiently earlier than the effective U.S. filing date and any foreign priority date so that the particular month of publication is not in issue. The place of publication refers to the name of the journal, magazine, or other publication in which the information being submitted was published.

The list of information complying with the identification requirements of 37 CFR 1.98(b) may not be incorporated into the specification of the application in which it is being supplied, but must be submitted in a separate paper. A separate list is required so that it is easy to confirm that applicant intends to submit an information disclosure statement and because it provides a readily available checklist for the examiner to indicate which identified documents have been considered. A copy of a separate list (generated by the Office) will also provide a simple means of communication to applicant to indicate the listed documents that have been considered and those listed documents that have not been considered. Use of either form PTO-1449, Information Disclosure Citation, or PTO/SB/08A and 08B, Information Disclosure Statement, to list the documents is encouraged. See subsection C(2) below.

**A (2) Legible Copies**

In addition to the list of information, each information disclosure statement must also include a legible copy of:

(A) Each U.S. patent application publication, and U.S. ** patent >, with the exception that copies of such U.S. patent documents are not required if the IDS is electronically submitted via EFS or the IDS is filed in an application filed after June 30, 2003 or entered the national stage under 35 U.S.C. 371 after June 30, 2003. See subsection IV. below for a discussion of e-IDS<;

(B) >Each foreign patent document;

(C) <Each publication or that portion which caused it to be listed;

*>

(D) < For each cited pending >unpublished< U.S. application, the application specification including the claims, and any drawings of the application, or that portion of the application which caused it to be listed including any claims directed to that portion; and

*>

(E) < All other information or that portion which caused it to be listed.

37 CFR 1.98(a)(2)(iii) requires a copy of a pending U.S. application that is being cited in an IDS. If the pending U.S. application is only identified in the specification's background information rather than being part of an IDS submission, a copy need not be supplied. Pursuant to 37 CFR 1.98(a)(2)(iii), applicant may choose to cite only a portion of a pending application including any claims directed to that portion rather than the entire application.

There are exceptions to this requirement that a copy of the information must be provided. First, 37 CFR 1.98(d) states that a copy of any patent, publication, pending U.S. application, or other information listed in an information disclosure statement is not required to be provided if: (1) the information was previously cited by or submitted to, the Office in a prior application, provided that the prior application is properly identified in the IDS and is relied on for an earlier filing date under 35 U.S.C. 120; and (2) the IDS submitted in the earlier application complies with 37 CFR 1.98(a)-(c). If both of these conditions are met, the examiner will consider the information previously cited or submitted to the Office and considered by the Office in a prior application relied on under 35 U.S.C. 120. This exception to the requirement for copies of information does not apply to information which was cited in an international application under the Patent Cooperation Treaty. If the information cited or submitted in the prior application was not in English, a concise explanation of the relevance of the information to the new application is not required unless the relevance of the information differs from its relevance as explained in the prior application. See subsection III.A(3) below.

Second, 37 CFR 1.98(c) states that when the disclosures of two or more patents or publications listed in an information disclosure statement are substantively cumulative, a copy of one of the patents or publications may be submitted without copies of the other patents or publications provided that a statement is made that these other patents or publications are cumulative. The examiner will then consider only the patent or publication of which a copy is submitted and will so indicate on the list, form PTO-1449, or PTO/

listing of the cumulative information. But see *Semiconductor Energy Laboratory Co. v. Samsung Electronics Co.*, 204 F.3d 1368, 1374, 54 USPQ2d 1001, 1005 (Fed. Cir. 2000) (Reference was not cumulative since it contained a more complete combination of the claimed elements than any other reference before the examiner. "A withheld reference may be highly material when it discloses a more complete combination of relevant features, even if those features are before the patent examiner in other references." (citations omitted).).

37 CFR 1.98(a)(3)(ii) states that if a written English language translation of a non-English language document, or portion thereof, is within the possession, custody or control of, or is readily available to any individual designated in 37 CFR 1.56(c), a copy of the translation shall accompany the statement. Translations are not required to be filed unless they have been reduced to writing and are actually translations of what is contained in the non-English language information. If no translation is submitted, the examiner will consider the information in view of the concise explanation and insofar as it is understood on its face, e.g., drawings, chemical formulas, English language abstracts, in the same manner that non-English language information in Office search files is considered by examiners in conducting searches.

**A.(3) Concise Explanation of Relevance for Non-English Language Information**

Each information disclosure statement must further include a concise explanation of the relevance, as it is presently understood by the individual designated in 37 CFR 1.56(c) most knowledgeable about the content of the information listed that is <u>not in the English language</u>. The concise explanation may be either separate from the specification or incorporated therein with the page(s) and lines of the specification where it is incorporated being noted in the IDS.

The requirement for a concise explanation of relevance is limited to information that is not in the English language. The explanation required is limited to the relevance as understood by the individual designated in 37 CFR 1.56(c) most knowledgeable about the content of the information at the time the information is submitted to the Office. If a complete translation of the information into English is submitted with the non-English language information, no concise explanation is required. An English-language equivalent application may be submitted to fulfill this requirement if it is, in fact, a translation of a foreign language application being listed in an information disclosure statement. There is no requirement for the translation to be verified. Submission of an English language abstract of a reference may fulfill the requirement for a concise explanation. Where the information listed is not in the English language, but was cited in a search report or other action by a foreign patent office in a counterpart foreign application, the requirement for a concise explanation of relevance can be satisfied by submitting an English-language version of the search report or action which indicates the degree of relevance found by the foreign office. This may be an explanation of which portion of the reference is particularly relevant, to which claims it applies, or merely an "X", "Y", or "A" indication on a search report. The requirement for a concise explanation of non-English language information would not be satisfied by a statement that a reference was cited in the prosecution of a United States application which is not relied on under 35 U.S.C. 120.

If information cited or submitted in a prior application relied on under 35 U.S.C. 120 was not in English, a concise explanation of the relevance of the information to the new application is not required unless the relevance of the information differs from its relevance as explained in the prior application.

The concise explanation may indicate that a particular figure or paragraph of the patent or publication is relevant to the claimed invention. It might be a simple statement pointing to similarities between the item of information and the claimed invention. It is permissible but not necessary to discuss differences between the cited information and the claims. However, see *Semiconductor Energy Laboratory Co. v. Samsung Electronics Co.*, 204 F.3d 1368, 1376, 54 USPQ2d 1001, 1007 (Fed. Cir. 2000) ("[A]lthough MPEP Section 609A(3) allows the applicant some discretion in the manner in which it phrases its concise explanation, it nowhere authorizes the applicant to intentionally omit altogether key teachings of the reference.").

In *Semiconductor Energy Laboratory*, patentee during prosecution submitted an untranslated 29-page Japanese reference as well as a concise explanation of its relevance and an existing one-page partial English translation, both of which were directed to less mate-

(1) Each inventor named in the application;

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

(e) In any continuation-in-part application, the duty under this section includes the duty to disclose to the Office all information known to the person to be material to patentability, as defined in paragraph (b) of this section, which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

37 CFR 1.56 defines the duty to disclose information to the Office.

## 2001.01   Who Has Duty To Disclose

*37 CFR 1.56. Duty to disclose information material to patentability.*

*****

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application;

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

*****

Individuals having a duty of disclosure are limited to those who are "substantively involved in the preparation or prosecution of the application." This is intended to make clear that the duty does not extend to typists, clerks, and similar personnel who assist with an application.

The word "with" appears before "the assignee" and "anyone to whom there is an obligation to assign" to make clear that the duty applies only to individuals, not to organizations. For instance, the duty of disclosure would not apply to a corporation or institution as such. However, it would apply to individuals within the corporation or institution who were substantively involved in the preparation or prosecution of the application, and actions by such individuals may affect the rights of the corporation or institution.

## 2001.03   To Whom Duty of Disclosure Is Owed

37 CFR 1.56(a) states that the "duty of candor and good faith" is owed "in dealing with the Office" and that all associated with the filing and prosecution of a patent application have a "duty to disclose to the Office" material information. This duty "in dealing with" and "to" the Office extends, of course, to all dealings which such individuals have with the Office, and is not limited to representations to or dealings with the examiner. For example, the duty would extend to proceedings before the Board of Patent Appeals and Interferences and the Office of the Assistant Commissioner for Patents.

## 2001.04   Information Under 37 CFR 1.56(a)

*37 CFR 1.56. Duty to disclose information material to patentability.*

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is cancelled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

(1) Prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) The closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

*****

DUTY OF DISCLOSURE 2001.04

The language of 37 CFR 1.56 (and 37 CFR 1.555) has been modified effective March 16, 1992 to emphasize that there is a duty of candor and good faith which is broader than the duty to disclose material information. 37 CFR 1.56 further states that "no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct."

The Office strives to issue valid patents. The Office has both an obligation not to unjustly issue patents and an obligation not to unjustly deny patents. Innovation and technological advancement are best served when an inventor is issued a patent with the scope of protection that is deserved. The rules as adopted serve to remind individuals associated with the preparation and prosecution of patent applications of their duty of candor and good faith in their dealings with the Office, and will aid the Office in receiving, in a timely manner, the information it needs to carry out effective and efficient examination of patent applications.

The amendment to 37 CFR 1.56 was proposed to address criticism concerning a perceived lack of certainty in the materiality standard. The rule as promulgated will provide greater clarity and hopefully minimize the burden of litigation on the question of inequitable conduct before the Office, while providing the Office with the information necessary for effective and efficient examination of patent applications. 37 CFR 1.56 has been amended to present a clearer and more objective definition of what information the Office considers material to patentability. The rules do not define fraud or inequitable conduct which have elements both of materiality and of intent.

The definition of materiality in 37 CFR 1.56 does not impose substantial new burdens on applicants, but is intended to provide the Office with the information it needs to make a proper and independent determination on patentability. It is the patent examiner who should make the determination after considering all the facts involved in the particular case.

37 CFR 1.56 states that each individual associated with the filing and prosecution of a patent application has a duty to disclose all information known to that individual to be material to patentability as defined in the section. Thus, the duty applies to contemporaneously or presently known information. The fact that information was known years ago does not mean that it was recognized that the information is material to the present application.

The term "information" as used in 37 CFR 1.56 means all of the kinds of information required to be disclosed and includes any information which is "material to patentability." Materiality is defined in 37 CFR 1.56(b) and discussed herein at MPEP § 2001.05. In addition to prior art such as patents and publications, 37 CFR 1.56 includes, for example, information on possible prior public uses, sales, offers to sell, derived knowledge, prior invention by another, inventorship conflicts, and the like.

The term "information" is intended to be all encompassing, similar to the scope of the term as discussed with respect to 37 CFR 1.291(a) (see MPEP § 1901.02). 37 CFR 1.56(a) also states: "The Office encourages applicants to carefully examine: (1) prior art cited in search reports of a foreign patent office in a counterpart application, and (2) the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office." The sentence does not create any new duty for applicants, but is placed in the text of the rule as helpful guidance to individuals who file and prosecute patent applications.

It should be noted that the rules are *not* intended to require information *favorable* to patentability such as, for example, evidence of commercial success of the invention. Similarly, the rules are not intended to require, for example, disclosure of information concerning the level of skill in the art for purposes of determining obviousness.

37 CFR 1.56(a) states that the duty to disclose information exists until the application becomes abandoned. The duty to disclose information, however, does not end when an application becomes allowed but extends until a patent is granted on that application. The rules provide for information being considered after a notice of allowance is mailed and before the issue fee is paid (37 CFR 1.97(d)) (see MPEP § 609, paragraph B(3)). The rules also provide for an application to be withdrawn from issue

(A) because one or more claims are unpatentable (37 CFR 1.313(c)(1));

(B) for express abandonment so that information may be considered in a continuing application before a patent issues (37 CFR 1.313(c)(3)); or

(C) for consideration of a request for continued examination (RCE) under 37 CFR 1.114 (37 CFR 1.313(a) and (c)(2)). Note that RCE practice does not apply to utility or plant applications filed before June 8, 1995 or to design applications. See MPEP § 706.07(h).

See MPEP § 1308 for additional information pertaining to withdrawal of an application from issue.

In a continuation-in-part application, individuals covered by 37 CFR 1.56 have a duty to disclose to the Office all information known to be material to patentability which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application. See 37 CFR 1.56(e).

37 CFR 1.56 provides that the duty of disclosure can be met by submitting information to the Office in the manner prescribed by 37 CFR 1.97 and 1.98. See MPEP § 609. Applicants are provided certainty as to when information will be considered, and applicants will be informed when information is not considered. Note, however, that the Office may order or conduct reexamination proceedings based on prior art that was cited but whose relevance to patentability of the claims was not discussed in any prior related Office proceeding. See MPEP § 2242.

The Office does not believe that courts should, or will, find violations of the duty of disclosure because of unintentional noncompliance with 37 CFR 1.97 and 1.98. If the noncompliance is intentional, however, the applicant will have assumed the risk that the failure to submit the information in a manner that will result in its being considered by the examiner may be held to be a violation.

The Office does not anticipate any significant change in the quantity of information cited to the Office. Presumably, applicants will continue to submit information for consideration by the Office in applications rather than making and relying on their own determinations of materiality. An incentive remains to submit the information to the Office because it will result in a strengthened patent and will avoid later questions of materiality and intent to deceive. In addition, the new rules will actually facilitate the filing of information since the burden of submitting information to the Office has been reduced by eliminating, in most cases, the requirement for a concise statement of the relevance of each item of information listed in an information disclosure statement. It should also be noted that 37 CFR 1.97(h) states that the filing of an information disclosure statement shall not be considered to be an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in 37 CFR 1.56.

## 2001.05  Materiality Under 37 CFR 1.56(b)

*37 CFR 1.56. Duty to disclose information material to patent ability.*

\*\*\*\*\*

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or

(ii) Asserting an argument of patentability.

A *prima facie* case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

\*\*\*\*\*

Under the rule, information is not material unless it comes within the definition of 37 CFR 1.56(b)(1) or (2). If information is not material, there is no duty to disclose the information to the Office. Thus, it is theoretically possible for applicants to draft claims and a specification to avoid a *prima facie* case of obviousness over a reference and then to be able to withhold the reference from the examiner. The Office believes that most applicants will wish to submit the information, however, even though they may not be required to do so, to strengthen the patent and avoid the risks of an incorrect judgment on their part on materiality or that it may be held that there was an intent to deceive the Office.