

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

March 5, 2008

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

   Re: Symbol Technologies, Inc., et al v. Aruba Networks, Inc.
      C.A. No. 07-519-JJF

Dear Judge Farnan:

   We represent Plaintiffs Symbol Technologies, Inc. and Wireless Valley Communications ("Plaintiffs") in the above-referenced action. Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1, Plaintiffs request that the Court set a date for a scheduling conference in this case. A proposed Scheduling Order is enclosed herewith.

   By way of background, Plaintiffs filed their Complaint alleging patent infringement by Defendant Aruba Networks, Inc. ("Aruba") on August 27, 2007. On October 17, 2008, Aruba filed its responsive Answer and Counterclaims; the Answer contained several affirmative defenses. Thereafter, on December 10, 2007, Plaintiffs filed their Reply to Aruba's Counterclaims. Also, on December 10, 2007, Plaintiffs moved to strike certain of Aruba's defenses; the briefing with respect to this motion was completed in January.

   On February 22, 2008, Symbol's counsel sent an e-mail to Aruba's counsel enclosing a proposed Scheduling Order, and seeking comments. Aruba's counsel did not respond or acknowledge the proposal. On February 26, Symbol's counsel again inquired of Aruba's counsel concerning a schedule and asked for a response. There was none. We then learned that on February 25, 2008, Aruba filed a petition for an *inter partes* reexamination of U.S. Patent No. 7,173,922 (the "'922 patent"), one of the four patents-in-suit.

   Pursuant to Local Rule 16.1(a), on March 4, 2008, Plaintiffs' counsel conferred with Defendant's counsel to seek agreement with respect to Plaintiffs' proposed Scheduling Order. Citing its petitioning for an *inter partes* reexamination of the '922 patent, Aruba's counsel declined to agree to any proposed schedule herein. Instead, Aruba's counsel indicated that it

The Honorable Joseph J. Farnan
March 5, 2008
Page 2

intended to move to stay the entire case, based on its petition for reexamination of the '922 patent. Plaintiffs did not agree to the stay proposal, particularly since the petition does not involve the other three patents-in-suit. Thus, even if the Patent Office were to grant Aruba's petition, it would not impact any claim of the remaining patents-in-suit.

Accordingly, Plaintiffs believe that there is no need to further delay discovery in this action, and request that the Court set a date for a scheduling conference at the Court's earliest convenience.

> Respectfully submitted,
>
> */s/ Richard L. Horwitz*
>
> Richard L. Horwitz

RLH/msb
852947 / 32106

cc:  Clerk of the Court (via hand delivery)
     All Counsel of Record (via electronic mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SYMBOL TECHNOLOGIES, INC., )
a Delaware corporation, and WIRELESS )
VALLEY COMMUNICATIONS, INC., )
a Delaware corporation, )
)   C.A. No. 07-519-JJF
Plaintiffs/Counterclaim Defendants, )
)
v. )   **JURY DEMANDED**
)
ARUBA NETWORKS, INC., )
a Delaware corporation, )
)
Defendant/Counterclaim Plaintiff. )

## [PROPOSED] RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by **March 21, 2008** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2. **Joinder of other Parties.** All motions to join other parties shall be filed on or before **June 15, 2008**.

3. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to Magistrate Judge _____ for the purposes of exploring the possibility of a settlement. If the parties agree that they would benefit from a settlement conference, the parties shall contact the Magistrate Judge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4. **Discovery.**

(a) Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by **July 15, 2008**.

(b) Maximum of **25** interrogatories, including contention interrogatories, for each side.

(c) Maximum of **100** requests for admission by each side.

(d) Maximum of **70 hours** of fact depositions by plaintiff and by defendant, excluding expert depositions. Each fact deposition limited to a maximum of seven hours per day unless extended by agreement of the parties. Depositions shall not commence until the discovery required by Paragraph 4 (a, b and c) is completed. All discovery, including that required by Paragraph 4(e) and (f) shall be completed by **January 29, 2009**.

(e) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party having the burden of proof by **November 14, 2008**; from the party opposing by **December 15, 2008**.

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

5. **Non-Case Dispositive Motions.**

(a) Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at www.ded.uscourts.gov.

2

(b)  At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

(c)  Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by e-mail at jjf_civil@ded.uscourts.gov.

6.  **Amendment of the Pleadings.**  All motions to amend the pleadings shall be filed on or before **July 30, 2008**.

7.  **Case Dispositive Motions.**  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **February 13, 2009**.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.  The Court will issue a separate Order regarding procedures for filing summary judgment motions.

8.  **Claim Construction And Markman.**

The parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms, including citations supporting that construction, on **December 30, 2008**.  That list must identify any claim language that a party contends will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.  These lists will not be filed with the court.

Subsequent to the exchange of such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement.  The parties shall agree upon and file the Joint Claim Construction Statement on **January 23, 2009**.  The parties will file simultaneous opening claim construction briefs on **February 13, 2009**.  Simultaneous response briefs should be filed by **February 27, 2009.**

A Markman Hearing will be held on **[March 13, 2009]**. The Court, after reviewing the Joint Claim Construction Statement and briefing, will allocate time to the parties for the hearing.

9.   **Applications by Motion.**

(a)   Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)   No facsimile transmissions will be accepted.

(c)   No telephone calls shall be made to Chambers.

(d)   Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

10.   **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is

deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.


_____                    _____
            DATE                                          UNITED STATES DISTRICT JUDGE


852951 / 32106