RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

March 7, 2008

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, Delaware 19801

Re:  Symbol Technologies, Inc., et al. v. Aruba Networks, Inc.
     C.A. No. 07-519-JJF

Dear Judge Farnan:

We represent Defendant Aruba Networks, Inc. ("Aruba"), in the above-captioned case. We write to respond to the Plaintiffs' March 5, 2008, letter to the Court requesting a scheduling conference and submitting a proposed schedule.

As Plaintiffs acknowledge in their letter, Aruba has already commenced reexamination proceedings on one of the patents in suit, the '922 patent, and intends to file a motion to stay this case shortly. Aruba intends to promptly prepare reexamination requests on the remaining patents as well.[1] Conducting a scheduling conference and setting a schedule in this case before the straightforward threshold issue of a stay of proceedings is decided would be an inefficient use of the Court's resources.

This case is in its earliest stages. None of the issues now before the Patent Office have been developed during discovery or otherwise addressed. If the Plaintiffs' patents emerge from the reexamination proceedings, the parties can proceed at that time with minimal impact on the case. This is not a case where a stay would frustrate or disrupt ongoing proceedings before the Court. In any event, Plaintiffs would not be prejudiced if they had to wait the few weeks it will take the parties to submit their briefing on the motion to stay. Both parties and the Court would benefit by first addressing the issue of whether the case will proceed at this time before expending the resources in an effort to negotiate the details of a schedule.

In their letter, Plaintiffs suggest that Aruba did not respond to their attempts to confer about a schedule. That is incorrect. I communicated with local counsel for Plaintiffs concerning

---

[1] Thus, Plaintiffs are incorrect in their assertion that Aruba will rely solely on the reexamination of the '922 patent.

RLF1-3260712-1

The Honorable Joseph J. Farnan, Jr.
March 7, 2008
Page 2

these issues during the past two weeks. Moreover, Nicholas Groombridge, outside counsel for Aruba, contacted outside counsel for Plaintiffs by both voicemail and email on March 3, 2008. In light of the parties' fundamental differences on the issue of a stay, they could not agree on a schedule.[2]

Aruba will file its motion to stay proceedings promptly. Because this motion presents a threshold question about the course of proceedings in this case, Aruba respectfully requests that the Court consider this motion before proceeding with a scheduling conference.

Respectfully,

Frederick L. Cottrell, III (#2555)

FLC:srs
cc: Clerk of the Court (via hand delivery)
All Counsel of Record (via electronic mail)

---

[2] Aruba disagrees with Plaintiffs' proposed schedule even apart from the reexamination issues. Because the debate about the specific dates and discovery limits is subsidiary to the overarching question of the stay, however, Aruba does not address these details here. If the Court believes it would be useful, Aruba will be happy to confer about these issues with Plaintiffs further and submit its own dates if necessary.

RLF1-3260712-1