IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware corporation, and WIRELESS VALLEY COMMUNICATIONS, INC., a Delaware corporation, <br><br>　　Plaintiffs/Counterclaim Defendants, <br><br>　　v. <br><br>ARUBA NETWORKS, INC., a Delaware corporation, <br><br>　　Defendant/Counterclaim Plaintiff. | C.A. No. 07-519-JJF <br><br> **JURY TRIAL DEMANDED** |

### REPLY OF SYMBOL TECHNOLGIES, INC. AND WIRELESS VALLEY COMMUNICATIONS, INC. TO FIRST AMENDED COUNTERCLAIMS OF ARUBA NETWORKS, INC.

Plaintiffs and Counterclaim Defendants Symbol Technologies, Inc. ("Symbol") and Wireless Valley Communications, Inc. ("Wireless Valley") (collectively "Plaintiffs"), by their counsel, as and for their Reply to the First Amended Answer ("First Amended Answer") and Counterclaims ("Amended Counterclaims") of Defendant and Counterclaimant, Aruba Networks, Inc. ("Aruba"), state as follows:

### FOR A RESPONSE TO ARUBA'S INTRODUCTION AND SUMMARY

Because the Introduction and Summary contained in Aruba's First Amended Answer and Counterclaims fails to comply with the requirements of the Federal Rules of Civil Procedure, Symbol and Wireless Valley have previously moved to strike the Introduction and Summary, on December 10, 2007. (Joint Motion of Symbol Technologies, Inc. and Wireless Valley Communications, Inc. (1) to Strike the Fifth, Sixth and Ninth Defenses and Introduction; and (2) Dismiss, in part, Count Six of Aruba's Counterclaims, ("Motion to Strike"), D.I. 13). In addition, Plaintiffs and Aruba have stipulated, and this Court has so ordered, that Plaintiffs'

foregoing Motion to Strike will apply to Aruba's First Amended Answer and Counterclaims. (Order and Stipulation, D.I. 45). Therefore, no response to that statement is required, and, in any event, to the extent that a response to that statement is required, Plaintiffs deny the allegations contained therein.

## FOR A RESPONSE TO THE PARTIES

71. Deny the allegations contained in paragraph 71 of the Amended Counterclaims, except admits, on information and belief, that Aruba is a corporation organized under the laws of the State of Delaware with its principal place of business at 1322 Crossman Avenue, Sunnyvale, California 94089-1113; that shares of Aruba are now traded on a public exchange; and that Aruba sells products used in connection with wireless communications networks.

72. Deny the allegations contained in Paragraph 72 of the Amended Counterclaims, except admit that Symbol is a corporation organized under the laws of the state of Delaware; that it has its principal place of business at One Motorola Plaza, Holtsville, New York 11742-1300; that Symbol is a wholly-owned subsidiary of Motorola, Inc., which acquired the outstanding stock of Symbol in or about January 2007.

73. Deny the allegations contained in Paragraph 73 of the Amended Counterclaims, except admit that Wireless Valley is a corporation organized under the laws of the state of Delaware; that it has its principal place of business at 4515 Seton Center Parkway, Suite 300, Austin, Texas 78759; and that Wireless Valley is a wholly-owned subsidiary of Motorola, Inc., which acquired the outstanding stock of Wireless Valley in or about December 2005.

## FOR A RESPONSE TO JURISDICTION AND VENUE

74. Admit the allegations contained in Paragraph 74 of the Amended Counterclaims.

75. Admit the allegations contained in Paragraph 75 of the Amended Counterclaims.

76. Admit the allegations contained in Paragraph 76 of the Amended Counterclaims.

77. Admit the allegations contained in Paragraph 77 of the Amended Counterclaims.

**FOR A RESPONSE TO COUNT 1 OF ARUBA'S AMENDED COUNTERCLAIMS**

(Declaratory Judgment of Non-infringement of the '923 and '923 Patents)

78. Repeat and re-allege each of their responses to Paragraphs 71 through 77 of the Amended Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 68 of Aruba's Amended Answer, which Aruba purports to incorporate by reference in Paragraph 78 of its Amended Counterclaims; and further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 68 of Aruba's Amended Answer and reassert and re-allege in full as if fully set forth herein the allegations contained in Paragraphs 1 through 36 of Plaintiffs' Complaint in this action.

79. Deny the allegations contained in Paragraph 79 of the Amended Counterclaims, except admit that an actual and justiciable controversy exists between Aruba and Symbol with respect to the asserted claims of the '922 and '923 Patents, which Symbol alleges that Aruba infringes.

80. Deny the allegations contained in Paragraph 80 of the Amended Counterclaims.

**FOR A RESPONSE TO COUNT 2 OF ARUBA'S AMENDED COUNTERCLAIMS**

(Declaratory Judgment of Invalidity of the '923 and '923 Patents)

81. Repeat and re-allege each of their responses to Paragraphs 71 through 77 of the Amended Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 68 of Aruba's Amended Answer, which Aruba purports to incorporate by reference in Paragraph 79 of its Amended Counterclaims; and further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 68 of Aruba's Amended Answer and reassert and

re-allege in full as if fully set forth herein the allegations contained in Paragraphs 1 through 36 of Plaintiffs' Complaint in this action.

82. Deny the allegations contained in Paragraph 82 of the Amended Counterclaims, except admit that an actual and justiciable controversy exists between Aruba and Symbol with respect to the asserted claims of the '922 and '923 Patents, which Symbol asserts are valid.

83. Deny the allegations contained in Paragraph 83 of the Amended Counterclaims.

## FOR A RESPONSE TO COUNT 3 OF ARUBA'S AMENDED COUNTERCLAIMS
### (Declaratory Judgment of Unenforceability of the '923 and '923 Patents)

84. Repeat and re-allege each of their responses to Paragraphs 71 through 77 of the Amended Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 68 of Aruba's Amended Answer, which Aruba purports to incorporate by reference in Paragraph 84 of its Amended Counterclaims; and further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 68 of Aruba's Amended Answer and reassert and re-allege in full as if fully set forth herein the allegations contained in Paragraphs 1 through 36 of Plaintiffs' Complaint in this action.

85. Deny the allegations contained in Paragraph 85 of the Amended Counterclaims, except admit that an actual and justiciable controversy exists between Aruba and Symbol with respect to the asserted claims of the '922 and '923 Patents, which Symbol asserts are enforceable.

86. Deny the allegations contained in Paragraph 86 of the Amended Counterclaims.

87. Deny the allegations contained in Paragraph 87 of the Amended Counterclaims.

## FOR A RESPONSE TO COUNT 4 OF ARUBA'S AMENDED COUNTERCLAIMS

### (Declaratory Judgment of Non-infringement of the '454 and '622 Patents)

88.     Repeat and re-allege each of their responses to Paragraphs 71 through 77 of the Amended Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 68 of Aruba's Amended Answer, which Aruba purports to incorporate by reference in Paragraph 88 of its Amended Counterclaims; and further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 68 of Aruba's Amended Answer and reassert and re-allege in full as if fully set forth herein the allegations contained in Paragraphs 1 through 36 of Plaintiffs' Complaint in this action.

89.     Deny the allegations contained in Paragraph 89 of the Amended Counterclaims, except admit that an actual and justiciable controversy exists between Aruba and Wireless Valley with respect to the asserted claims of the '454 and '622 Patents, which Wireless Valley alleges that Aruba infringes.

90.     Deny the allegations contained in Paragraph 90 of the Amended Counterclaims.

## FOR A RESPONSE TO COUNT 5 OF ARUBA'S AMENDED COUNTERCLAIMS

### (Declaratory Judgment of Invalidity of the '454 and '622 Patents)

91.     Repeat and re-allege each of their responses to Paragraphs 71 through 77 of the Amended Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 68 of Aruba's Amended Answer, which Aruba purports to incorporate by reference in Paragraph 91 of its Amended Counterclaims; and further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 68 of Aruba's Amended Answer and reassert and

re-allege in full as if fully set forth herein the allegations contained in Paragraphs 1 through 36 of Plaintiffs' Complaint in this action.

92. Deny the allegations contained in Paragraph 92 of the Amended Counterclaims, except admit that an actual and justiciable controversy exists between Aruba and Wireless Valley with respect to the asserted claims of the '454 and '622 Patents, which Wireless Valley asserts are valid.

93. Deny the allegations contained in Paragraph 93 of the Amended Counterclaims.

### FOR A RESPONSE TO COUNT 6 OF ARUBA'S AMENDED COUNTERCLAIMS

**(Declaratory Judgment of Unenforceability of the '454 and '622 Patents)**

94. Repeat and re-allege each of their responses to Paragraphs 71 through 77 of the Amended Counterclaims as if fully set forth herein; and state that under the Federal Rules of Civil Procedure, no response is required by Plaintiffs to Paragraphs 1 through 68 of Aruba's Amended Answer, which Aruba purports to incorporate by reference in Paragraph 94 of its Amended Counterclaims; and further state that to the extent a response is required, deny the allegations contained in Paragraphs 1 through 68 of Aruba's Amended Answer and reassert and re-allege in full as if fully set forth herein the allegations contained in Paragraphs 1 through 36 of Plaintiffs' Complaint in this action.

95. Deny the allegations contained in Paragraph 95 of the Amended Counterclaims; except admit that an actual and justiciable controversy exists between Aruba and Wireless Valley with respect to the asserted claims of the '454 and '622 Patents, which Wireless Valley asserts are enforceable; and respectfully refer the Court to Plaintiffs' motion to dismiss the portion of Count 6 related to the '622 Patent.

96. Deny the allegations contained in Paragraph 96 of the Amended Counterclaims.

97. Deny the allegations contained in Paragraph 97 of the Amended Counterclaims.

## DEMAND FOR JURY TRIAL

98. Admit that Aruba requests a jury trial.

## GENERAL DENIAL

99. Deny each and every other allegation in the Aruba's Amended Answer and Counterclaims not heretofore expressly admitted.

WHEREFORE, in addition to the relief prayed for in Plaintiffs' Complaint for Patent Infringement, Plaintiffs requests that this Court:

A. Dismiss Aruba's Amended Counterclaims with prejudice and declare that the '922, '923, '454, and '622 Patents are valid, enforceable, and infringed by Aruba;

B. Declare this an exceptional case and award Plaintiffs their costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

C. Award Plaintiffs' such other and further relief as the Court may deem just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
Arun Chandra
Mitchell S. Feller
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

Dated July 3, 2008
/32106

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs
Symbol Technologies, Inc. and Wireless Valley Communications, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on July 3, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 3, 2008, I have Electronically Mailed the document to the following person(s):

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899
cottrell@rlf.com

| | |
|---|---|
| Matthew D. Powers | Nicholas Groombridge |
| Vernon M. Winters | Paul E. Torchia |
| Brandon C. Conard | Etai Lahav |
| Jason D. Kipnis | Weil, Gotshal & Manges LLP |
| Weil, Gotshal & Manges LLP | 767 Fifth Avenue |
| Silicon Valley Office | New York, NY 10153 |
| 201 Redwood Shores Parkway | ArubaDelService@weil.com |
| Redwood Shores, CA 94065 | |
| ArubaDelService@weil.com | |

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

816924 / 32106