## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SYMBOL TECHNOLOGIES, INC.,                )
a Delaware corporation, and WIRELESS      )
VALLEY COMMUNICATIONS, INC.,              )
a Delaware corporation,                   )
                                          )       C.A. No. 07-519-JJF
        Plaintiffs/Counterclaim Defendants, )
                                          )
              v.                          )       **JURY TRIAL DEMANDED**
                                          )
ARUBA NETWORKS, INC.,                     )
a Delaware corporation,                   )
                                          )
        Defendant/Counterclaim Plaintiff.  )

### STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiffs Symbol Technologies, Inc. ("Symbol") and Wireless Valley

Communications, Inc. ("Wireless Valley), and their parent Motorola, Inc. ("Motorola"), and

Defendant Aruba Networks, Inc. ("Aruba") (collectively, the "Parties") believe that certain

information encompassed by discovery requests made in this Action may constitute trade secrets

or other confidential research, development or commercial information within the meaning of

Rule 26(c) of the Federal Rules of Civil Procedure or the Local Rules of the Court; and

WHEREAS the Parties have mutually agreed that it would serve their respective interests

to conduct discovery under a protective order pursuant to Rule 26(c);

IT IS THEREFORE ORDERED THAT:

1.      This Protective Order shall apply to all information, documents, and things

subject to discovery in this Action produced either by a party or a non-party in discovery in this

Action including, without limitation, testimony adduced at deposition upon oral examination or

upon written questions, answers to interrogatories, documents and things produced, information

obtained from inspection of premises or things, and answers to requests for admission, or

information disclosed pursuant to subpoena under Fed. R. Civ. P. 45 ("Discovery Material").

      2.     Discovery Material containing Confidential Information is referred to as

"Confidential Material."  The following is not Confidential Material: (i) material which, on its

face, shows or which, through other evidence, the receiving party can show has been published

to the general public; (ii) information that the receiving party can show was lawfully in the

receiving party's possession prior to being designated as Confidential Material in this litigation

and that the receiving party is not otherwise obligated to treat as confidential; (iii) information

that the receiving party can show was obtained (without any benefit or use of Confidential

Material) from a third party having the right to disclose such information to the receiving party

without restriction or obligation of confidentiality; (iv) information that the receiving party can

show by written record was independently developed by it after the time of disclosure by

personnel who did not have access to the producing party's Confidential Material, or (v)

information that was submitted to a governmental entity without request for confidential

treatment.

      3.     The producing party shall label or mark each document and thing that it deems to

be Confidential Materials with the following term:

**"CONFIDENTIAL"**

      4.     The Parties may designate as "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY" those Confidential Materials that contain Confidential Information that is

especially sensitive and could cause competitive harm if disclosed to an unauthorized person,

including, without limitation, pending or abandoned unpublished patent applications,

Confidential Information concerning current products and products in development, strategic

2

plans, license agreements, settlement agreements or settlement communications, and financial information. This designation shall be made in good faith.  The Parties shall label or mark each such document or thing with the following term:

**"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"**

5.    The Parties acknowledge that a distinct level of protection is required for certain Confidential Materials as to which HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY designation would not provide adequate protection to the interests of the designating party and whose wrongful dissemination could result in irreparable harm to the designating party.  Such information may be designated as "OUTSIDE COUNSEL ONLY – SOURCE CODE" by labeling or marking each such document or thing with one of the following terms:

**"OUTSIDE COUNSEL ONLY – SOURCE CODE"**

Such designations should be made only in good faith and should be used only for source code or other electronic files used in network operations, comments for source code or network operation files, revision histories, or other material whose wrongful dissemination could result in significant harm to the designating party.

6.    The labeling or marking of a document or tangible thing with the designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "OUTSIDE COUNSEL ONLY – SOURCE CODE" shall be made when a copy of the document or thing is provided to the receiving party by placing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "OUTSIDE COUNSEL ONLY – SOURCE CODE" on the face of each such document or thing.  Any such designation that is inadvertently omitted or mis-designated may be corrected by written notification to counsel for the receiving party.  The producing party shall thereafter produce replacement copies of non-

designated or mis-designated materials with the appropriate confidentiality designation, and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark the Confidential Material and maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation with respect to the information disseminated.

7.    In the case of deposition upon oral examination or written questions, such testimony shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" until the expiration of thirty (30) days after the deposition unless otherwise designated at the time of the deposition or during the thirty (30) day period. Pages or entire transcripts of testimony given at a deposition or hearing may be designated as containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "OUTSIDE COUNSEL ONLY – SOURCE CODE" information by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition. If the testimony is not otherwise designated at the time of the deposition or during the thirty (30) day period after the deposition, the testimony will be deemed to be "CONFIDENTIAL."

8.    In the case of written discovery responses and the information contained therein, the responses may be designated as containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "OUTSIDE COUNSEL ONLY – SOURCE CODE" information by means of a statement at the conclusion of each response that contains such information specifying the level of designation of the Confidential Information and by placing a legend of the front page of such discovery responses stating: "CONTAINS

CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers]."
Any such designation that is inadvertently omitted or mis-designated may be corrected within
thirty (30) days of service of such discovery responses by written notification to counsel for the
receiving party, and the receiving party shall thereafter mark and treat the materials as
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or
"OUTSIDE COUNSEL ONLY – SOURCE CODE," as appropriate, and such material shall be
subject to this Protective Order as if it had been initially so designated. If, prior to receiving such
notice, the receiving party has disseminated the Confidential Material to individuals not
authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential
Material or to otherwise assure that the recipient(s) properly mark and maintain the
confidentiality of the Confidential Material, but shall have no other responsibility or obligation
with respect to the information disseminated.

       9.     In the case of Confidential Information not reduced to documentary or tangible
form or which cannot be conveniently designated as set forth above, such information may be
designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY,"
or "OUTSIDE COUNSEL ONLY – SOURCE CODE" information by informing the receiving
party of the designation in writing either at the time of transfer of such information or within
thirty (30) days after the transfer of such information.

       10.    Any documents or tangible things made available for inspection prior to
producing copies of selected items shall initially be deemed "HIGHLY CONFIDENTIAL –
OUTSIDE COUNSEL ONLY" unless otherwise designated at the time of inspection and shall be
subject to this Protective Order. Thereafter, the producing party shall have a reasonable time to

review and designate the documents as set forth in paragraph 6 above prior to furnishing copies to the receiving party.

    11.    HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY material and any information contained therein shall be disclosed only to the following persons:

    a.    Counsel of record in this action for the receiving party, including both local and trial counsel, provided such persons agree to be bound by this Protective Order.

    b.    Employees and agents of such counsel including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case: independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non–technical jury or trial consulting services (expressly excluding mock jurors) provided such individuals agree to be bound by this Protective Order;

    c.    The Court, its personnel and stenographic reporters (with such HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY Material having been filed under seal or with other suitable precautions as determined by the Court);

    d.    Any person who authored or previously received the Confidential Material;

    e.    At a deposition or at trial, any person who authored or previously received the Confidential Material and any person currently employed by the designating party; and

    f.    Any independent experts or consultants, and employees and assistants under the control of such expert or consultant, who is engaged by counsel of record in this action, whether or not such expert or consultant is paid directly by a party, and is not regularly employed by or associated with a party hereto, other than by the designating party, provided however that disclosure to such persons shall be made only on the conditions set forth in paragraphs 14 and 15 below.

12.    CONFIDENTIAL material and any information contained therein (but not

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY or OUTSIDE COUNSEL ONLY –

SOURCE CODE) may be disclosed to the persons designated in paragraphs 11(a)-(f) above and

additionally may be disclosed to no more than three (3) in-house counsel who act in a legal

capacity for the receiving party, who are responsible for supervising this Action.

The following shall constitute in-house counsel for Symbol and Wireless Valley:

Neill M. Taylor, Esq.
Vice President of Law
Enterprise Mobility Business
Motorola, Inc.
One Motorola Plaza, MS A6
Holtsville, NY 11742-1300

Aaron B. Bernstein
Vice President & Deputy General Counsel – Intellectual Property
Enterprise Mobility Business
Motorola, Inc.
One Motorola Plaza, MS A6
Holtsville, NY 11742-1300

Wang Su
Corporate Counsel
Enterprise Mobility Business
Motorola, Inc.
One Motorola Plaza, MS A6
Holtsville, NY 11742-1300

The following shall constitute in-house counsel for Aruba:

Alexa King
General Counsel
Aruba Networks, Inc.
1344 Crossman Avenue,
Sunnyvale, CA 94089-1113

Robert Martin
Patent Counsel
Aruba Networks, Inc.
1344 Crossman Avenue,
Sunnyvale, CA 94089-1113

13.     [The parties disagree with respect to the mechanism for producing source code. Hence, the parties' respective provisions are provided below.]

Plaintiffs' Proposal:

OUTSIDE COUNSEL ONLY – SOURCE CODE material and any information contained therein may be disclosed only to the following persons and in strict accordance with the following procedures:

a.      OUTSIDE COUNSEL ONLY – SOURCE CODE shall be produced on portable hard drives.  An original and two copies of the hard drive will be provided.  No other copies shall be made.  Each hard drive shall be an external USB 2.0 model having at least 30 GB of space beyond the space needed for the source code files and a speed of at least 7200 rpm.  The proprietary source code shall be organized on each hard drive by software release version.

(i)     The original hard drive shall be kept in the possession of outside trial counsel.  The backup sets of hard drives shall be kept either in the possession of outside trial counsel or an Expert qualified under paragraph 11 of this Order.  Prior to providing a hard drive to such an Expert, the expert shall execute an Undertaking as set forth in Exhibit A to this Order, indicating that they have read and understood the terms of the procedures under this Order and that they agree to be bound by its terms;

(ii)    All hard drives, when not in use, shall be maintained in a locked cabinet or the like.  Outside trial counsel and an Expert qualified under Paragraph 11 of the Protective Order may each use the contents of the hard drive on a computer that is not connected to any network, phone line, wireless network, or any other computer;

(iii)   The hard drives may be used on a computer having a printer directly attached to the computer (not through any network or server).  However, unless otherwise authorized in writing by the producing party, no more than 25% of the total number of lines of proprietary source code of any software release version may be printed (unless the complete source code from that software release has previously been produced in printed form).  Any printed material shall be labeled as "OUTSIDE COUNSEL ONLY – SOURCE CODE."

(iv)    Except as otherwise provided herein, no back-up copies of the hard drive may be made at any time without the express written consent

of the producing party. Should one or more hard drives become damaged, the producing party shall exchange the damaged hard drive for an undamaged hard drive.

(v)     Deposition testimony relating to the proprietary source code, and documents derived from the proprietary source code shall be treated as Confidential material according to the terms of this Order. If either party intends to offer any evidence at trial based on the proprietary source code, the Court shall take appropriate measures to preserve the confidentiality of the proprietary source code to the extent reasonably practicable.

(vi)    Upon final termination of this matter, the produced original and back-up hard drives shall, within sixty (60) days, be reformatted and returned to the producing party along with a certification that the hard drives returned were those that were produced.

b.     OUTSIDE COUNSEL ONLY – SOURCE CODE material, to the extent not in electronic format, shall be designated using the same processes applied to CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY materials described in paragraphs 5–9 above.

Defendant's Proposal:

OUTSIDE COUNSEL ONLY – SOURCE CODE material ("Source Code Material") may be disclosed only to the following persons and in strict accordance with the following procedures:

a.     Source Code Material, to the extent in electronic format, will be provided on a standalone computer with all ports, software and other avenues that could be used to copy or transfer such data blocked ("Standalone Computer"). The Standalone Computer shall be maintained in the sole control and custody of counsel of record for the producing party and shall be maintained in the United States at an office of counsel of record for the producing party or at such other location as shall be mutually agreed to by the parties.

b.     A producing party shall make its Source Code Material available for inspection only by persons designated under subparagraphs 11(a) and 11(f) above under the following conditions:

(i)     The producing party must allow access to the Standalone Computer containing its Source Code Material on reasonable terms and after reasonable notice by the requesting party. Generally,

reasonable terms and notice are as follows: the Source Code Material should be made available during regular business hours (9:00 a.m. to 6:00 p.m. local time), on 24 hours notice. Access will be provided on Saturdays and Sundays, so long as actual notice is provided by the producing party by not later than 9:00 a.m. local time on the Friday before the weekend for which access is requested. Access from 6:00 p.m. through 12:00 midnight local time on weekdays shall be provided so long as actual notice of such need is provided to the producing party by not later than 12:00 p.m. local time on the day before the day for which access is requested after 6:00 p.m. The requesting party shall make its best efforts to restrict its access to normal business hours.

(ii)    At least ten (10) business days prior to the date on which access is sought to such Standalone Computer (ten day notice period), counsel of record for the receiving party shall provide a list of individuals including attorneys seeking to access such Standalone Computer and the producing party shall have the right to object to such access in accordance with subparagraph 13(b);

(iii)   During the pendency of the ten day notice period, no listed individual shall have access to the Standalone Computer;

(iv)    If an objection to any specific listed individual is made, that individual shall not have access to the Standalone Computer until resolution of such objection; and

(v)     Each time a person accesses the Standalone Computer, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Standalone Computer including the name of the person accessing, the date and time in and out, and whether any hard copies were made.

c.    The receiving party shall not have the right to, and agrees not to, copy, transmit, or Source Code Material in any manner, including scanning or otherwise creating an electronic image of the Source Code Material, except as set forth herein:

(i)     A laser printer with an adequate paper supply shall be attached to the Standalone Computer and the receiving party shall make no more than 500 total pages of hard copies of Source Code Material that it in good faith considers to be necessary to proving the elements of its case, unless the receiving party and the producing party agree to an enlargement of this page limit;

(ii)     Whenever hard copies are made, copies of the hard copies shall be provided to counsel for the producing party along with an identification of when the copies were made and who made them;

(iii)    Any hard copies shall be conspicuously marked OUTSIDE COUNSEL ONLY – SOURCE CODE in conformity with paragraphs 5-9 above;

(iv)    The receiving party shall keep a log including:  (a) the custodian of each copy of any Source Code Material; (b) the name of all persons accessing Source Code Material; and (c) the date and time of access of the Source Code Material;

(v)     All Source Code Materials, including all copies, in the possession of the receiving party shall be maintained in a secured container or location at all times;

(vi)    The receiving party shall not convert any of the information contained in the hard copies into an electronic format; and

(vii)   Except for the copies required pursuant to subparagraph (c)(ii), no copies of the hard copies may be made.  Notwithstanding the foregoing sentence, outside counsel may make paper copies of the hard copies of Source Code Material for use as exhibits in court proceedings, expert reports, and depositions.  Such paper copies shall be treated as if they were original hard copies.

d.    Authorized persons may use software tools of their choosing for searching and inspecting the Source Code Material and the producing party shall load such software tools on the Standalone Computer upon request by the receiving party.

e.    The Standalone Computer shall, at a minimum, include a color video monitor, a keyboard, a mouse, and an attached printer for printing electronic source code analyses.  Each secure computer shall also have installed the standard Windows XP installation, including the WordPad and Notepad applications.  The secure computer shall contain, at a minimum, an Intel Pentium family processor with a 1 gigahertz or higher processor clock speed, 1 gigabyte of RAM, and sufficient hard drive space to accommodate the Windows XP installation and the electronic source code.

f.    All Source Code Material utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.  At no time, will any Source Code Material be given to or left with the Court Reporter or any other individual.

g.  Deposition testimony relating to the Source Code Material, and documents derived from Source Code Material shall be treated as Confidential material according to the terms of this Order.

h.  At least sixty (60) days prior to the scheduled trial date, the parties shall meet and confer to discuss whether alternative arrangements should be made for the production of the Source Code Material just prior to, and during, trial.

i.  Source Code Material shall remain within the United States at all times.

14.  Notwithstanding the provisions of paragraphs 11 and 12 of this Protective Order, any person who receives and/or reviews any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "OUTSIDE COUNSEL ONLY – SOURCE CODE" information, document or thing (together for purposes of this paragraph, "Prohibited Information") shall not participate in any way (including, but not limited to, participating in a supervisory capacity) in the following activities: (a) preparing or prosecuting patent applications anywhere in the world involving the "barred field," as defined below, on behalf of the Parties to this Action or any person or entity related to any Party; (b) prosecuting any reexamination or reissue proceeding concerning any application or issued patent in the barred field on behalf of the Parties or any person or entity related to any Party; or (c) providing advice to the Parties or any person or entity related to any Party concerning strategies for obtaining or preserving patent rights in the barred field, whether as counsel of record before the U.S. Patent and Trademark Office or any foreign patent office or as an advisor regarding claiming strategies (hereafter "Patent Prosecution Activities"), from the time of receipt of such Prohibited Information through the complete termination of this action by (i) entry of a final, non-appealable judgment or order, (ii) the complete settlement of all claims in this action, or (iii) any other means and for two years after the complete termination of this action; provided, however, that the foregoing bar is personal to the person receiving such Prohibited Information and shall not be imputed to any person who did

12

not receive or review such Prohibited Information (including, *e.g.*, other employees of the law firm by which the person subject to the bar is employed), and so long as the persons receiving the Prohibited Information create an ethical wall between themselves and individuals engaging in the activities described in sections (a), (b), and (c) of this paragraph (the "Prosecution Bar") barring communications concerning the activities described in sections (a), (b), and (c). Provided, however, that the Prosecution Bar shall not apply to any reexamination proceedings with respect to the four patents-in-suit or any patent related to the patents-in-suit, including, without limitation, the four currently pending reexamination proceedings filed by Aruba, except that persons receiving or reviewing Aruba's Prohibited Information on behalf of Symbol, Wireless Valley, and/or Motorola shall not participate in any way in the drafting, revising, amending, or proposing of claims, including, but not limited to, verbal discussions, suggestions, or comments regarding drafts, in connection with the aforementioned reexamination proceedings. The "barred field" shall include any system or method, including computer software, for planning, designing, configuring, monitoring, controlling, managing, and/or optimizing any wireless local area network; and/or any RF port, thin access point or access port designed for use in a wireless local area network; and/or any cell controller, mobility controller or wireless switch designed for use in a wireless local area network.

15.    Trial counsel desiring to disclose Confidential Materials to experts, or consultants specified in paragraphs 11(f) or 12 above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such expert, or consultant, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel, along with the current curriculum vitae for such expert, or consultant. No Confidential Materials shall be disclosed to such expert, or consultant until

after the expiration of a five (5) business day period commencing with the service of a copy of

the proposed undertaking and curriculum vitae, provided, however, that if during that five (5)

business day period opposing counsel makes an objection to such disclosure, there shall be no

disclosure of Confidential Materials to such corporate representative, expert, or consultant,

except by mutual agreement of the Parties or further order of the Court. The party seeking

disclosure of such Confidential Materials shall have the burden of filing a motion with the Court

seeking leave to make such disclosure and shall have the burden of persuasion on such motion.

      16.     The restrictions on the use of Confidential Materials established by this Protective

Order are applicable only to the use of information received by a party from another party or

from a nonparty.  A party is free to use its own information as it pleases.

      17.     Any party may file or lodge with the Court documents or tangible items

designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY,

or OUTSIDE COUNSEL ONLY – SOURCE CODE. Any briefs, transcripts, exhibits,

depositions, or documents which are filed with the Court which comprise, embody, summarize,

discuss, or quote from documents or tangible things designated as CONFIDENTIAL, HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or OUTSIDE COUNSEL ONLY –

SOURCE CODE material shall be sealed, unless the Parties otherwise agree in writing or the

Court otherwise orders.  Where reasonably practicable, only the portions of documents

consisting of such items or information shall be lodged under seal.  Such items or information

shall be filed or lodged in sealed envelopes or other appropriate sealed containers.  Each sealed

envelope or container shall be endorsed with the title and case number of this action, and a

statement in substantially the following form:

            CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  THE
            MATERIALS CONTAINED HEREIN HAVE BEEN

DESIGNATED AS [CONFIDENTIAL or HIGHLY
CONFIDENTIAL – OUTSIDE COUNSEL ONLY or OUTSIDE
COUNSEL ONLY—SOURCE CODE] PURSUANT TO
PROTECTIVE ORDER AND MAY NOT BE EXAMINED OR
COPIED EXCEPT BY THE COURT OR PURSUANT TO
COURT ORDER.

18.    The acceptance by a party of documents designated as CONFIDENTIAL,

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or OUTSIDE COUNSEL ONLY

– SOURCE CODE shall not constitute an agreement, admission or concession, or permit an

inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ.

P.26 (c), or some other basis.  Documents designated CONFIDENTIAL, HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or OUTSIDE COUNSEL ONLY –

SOURCE CODE shall be treated in accordance with the provisions of this Protective Order,

except that any party may at any time seek an order from the Court determining that specified

information or categories of information are not properly designated as CONFIDENTIAL,

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or OUTSIDE COUNSEL ONLY

– SOURCE CODE, *provided that* prior to making such a motion the Parties shall meet and

confer in good faith to resolve any differences over the designation.  In response to the filing of

such a motion, the party challenging confidentiality shall have the burden of proving that the

Confidential Material in question is not protectable under Fed. R. Civ. P. 26 (c) or some other

basis, or, as the case may be, that the designation of HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY or OUTSIDE COUNSEL ONLY – SOURCE CODE is NOT necessary under

the circumstances.  A party shall not be obligated to challenge the propriety of a designation of

Confidential Material at the time made, and failure to do so shall not preclude subsequent

challenge.  Should any party (or non-party) seek an Order from the Court to determine whether

specified information or categories of information are not properly designated as

CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or OUTSIDE

COUNSEL ONLY – SOURCE CODE, the claimed designation shall remain operative and

respected by all the Parties and non-parties pending the Court's ruling.

19.    Nothing in this Protective Order shall require disclosure of material that a party

contends is protected from disclosure by the attorney-client privilege, attorney work-product

immunity, or any other applicable privilege. Inadvertent production or disclosure of documents

or information subject to the attorney-client privilege, work product immunity, or any other

applicable privilege shall not constitute a waiver of any claim that such or related material is

privileged or protected by the work product immunity or any other applicable privilege, provided

that the producing party notifies the receiving party in writing promptly after discovery of such

inadvertent production. Such inadvertently produced documents or information, including all

copies thereof, shall be returned to the producing party or destroyed immediately upon request.

No use shall be made of such documents or information during deposition or at trial, nor shall

such documents or information be shown to anyone who has not already been given access to

them subsequent to the request that they be returned. In the case of an inadvertently produced

document, the producing party shall then provide a privilege log identifying such inadvertently

produced document. The receiving party may move the Court for an order compelling

production of any inadvertently produced document or information, but the motion shall not

assert as a ground for production the fact of the inadvertent production, nor shall the motion

disclose or otherwise use the content of the inadvertently produced document or information

(beyond any information appearing on the above-referenced privilege log) in any way in

connection with any such motion.

20.     In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

21.     In addition the specific requirements set forth in paragraph 13 hereof regarding the handling of OUTSIDE COUNSEL ONLY – SOURCE CODE materials, the recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care.  Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

22.     This Protective Order shall not prevent the Parties from applying to the Court for relief therefrom or modification thereto, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves to modifications of this Protective Order.

23.     Confidential Materials shall be used solely for the purposes of this Action and shall not be used for any other purpose except as expressly provided herein, by agreement of the Parties, or by further order of the Court.

24.    In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the Parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

25.    No copy of any transcript of any deposition which is designated, in part or in whole, as CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or OUTSIDE COUNSEL ONLY – SOURCE CODE shall be furnished by the court reporter to any person other than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-party's own deposition. The original of any transcript of any deposition designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or OUTSIDE COUNSEL ONLY – SOURCE CODE, if required to be filed, shall be filed with the Court under seal in accordance with paragraph 17 hereof, unless otherwise agreed by the producing party.

26.    Within thirty (30) days after the final conclusion of this Action ("Termination of Action"), including any appeals, all Confidential Materials (except OUTSIDE COUNSEL ONLY – SOURCE CODE materials) produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed. Within ten (10) days after the final conclusion of this Action, including any appeals, all OUTSIDE COUNSEL ONLY – SOURCE CODE materials produced by any party shall be returned to the producing party along with certification by outside counsel of record and any other individuals who accessed such materials that all such materials have been returned. Counsel of record may retain a copy of all correspondence, pleadings, motion papers, discovery responses, deposition and trial transcripts, legal memoranda, and work product.

27.    This Protective Order shall survive the final termination of this Action with respect to any retained Confidential Materials.

28.    Nothing in this Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on Confidential Material; provided, however, that in rendering such advice counsel shall not disclose, reveal, or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Protective Order.

29.    If a Party wishes to use Confidential Material at the examination at deposition or trial of any witness not entitled to have access to such Confidential Materials, such Party shall obtain the consent of the producing party, in advance, and the failure of the examining attorney to obtain such consent or order of the Court shall not be grounds for delaying the deposition or trial or their progress, unless, in the case of a deposition, all persons attending the deposition consent, and in the case of trial the Court so rules.  Where Confidential Material may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may require that all persons in attendance who are not entitled access to such Confidential Material under this Protective Order leave the room until such line of inquiry is completed. Where Confidential Material may be revealed or referred to in a question that will be put to the witness at trial upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may request that the Court require that all persons in attendance who are not entitled access to such Confidential Material under this Protective Order leave the courtroom until such line of inquiry is completed.

19

30.     The terms of this Protective Order may be applied to the Confidential Materials of a non-party, as long as that non-party agrees in writing to be bound by the terms of this Protective Order.

31.     By affixing their signatures below, the Parties agree to abide by the terms of this Stipulation until this Protective Order or a further protective order is entered by the Court.  Upon the signing of this Protective Order by the District Court Judge, this Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Protective Order effective *nunc pro tunc* to the date of such party's signature.

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P. O. Box 951
    Wilmington, Delaware  19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiffs Symbol Technologies, Inc. and Wireless Valley Communications, Inc.*

RICHARDS LAYTON & FINGER

By: */s/ Frederick L. Cottrell III*
    Frederick L. Cottrell III (#2555)
    One Rodney Square
    920 North King Street
    P.O. Box 551
    Wilmington, DE  19899
    Tel:  (302) 651-7700
    cottrell@rlf.com

*Attorneys for Defendant Aruba Networks, Inc.*

SO ORDERED this _____ day of _____, 2008.

_____
Judge Joseph J. Farnan, Jr.

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware corporation, and WIRELESS VALLEY COMMUNICATIONS, INC., a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) ) | C.A. No. 07-519-JJF |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| ARUBA NETWORKS, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

### UNDERTAKING CONCERNING RECEIPT OF CONFIDENTIAL
### MATERIALS SUBJECT TO PROTECTIVE ORDER

I, _____ declare that:

1.    My present residential address is _____

_____.

2.    My present employer is _____ and

the address of my present employer is _____

_____.

3.    My present occupation or job description is _____

_____.

4.    I have received and carefully read the Protective Order in this Action dated

_____, and understand its provisions.  As a condition precedent to receiving any

Confidential Materials, as such are defined in the Protective Order, I agree to subject myself to

the personal jurisdiction of this Court with respect to the enforcement of the provisions of the

attached Protective Order. I understand that I am obligated, under Order of the Court, to hold in

confidence and not to disclose the contents of any document marked or later designated pursuant

to the Protective Order as CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY, or OUTSIDE COUNSEL ONLY – SOURCE CODE to anyone other than

those persons identified in paragraph 11 of the Protective Order to the extent that such persons

are qualified to review such information. I further understand that I am not to disclose to persons

other than those persons identified in paragraphs 11 or 12 of the Protective Order any words,

substances, summaries, abstracts, or indices of Confidential Materials or transcripts disclosed to

me. In addition to the foregoing, I understand that I must abide by all of the provisions of the

Protective Order.

     5.     At the termination of this Action or at any time requested by counsel of record in

this Action, I will return to counsel of record in this Action all documents and other materials,

including notes, computer data, summaries, abstracts, or any other materials including or

reflecting Confidential Materials which have come into my possession, and will return all

documents or things I have prepared relating to or reflecting such information.

     6.     I understand that if I violate the provisions of this Protective Order, I will be in

violation of a Court Order and subject to sanctions or other remedies that may be imposed by the

Court and potentially liable in a civil Action for damages by the disclosing party.

     7.     I declare under penalty of perjury of the laws of the United States that the

foregoing is true and correct.


Executed on: _____     Name:_____

2