IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware corporation, and WIRELESS VALLEY COMMUNICATIONS, INC., a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs and Counterclaim Defendants, | ) ) | C.A. No. 07-519-JJF |
| v. | ) ) | |
| ARUBA NETWORKS, INC., a Delaware corporation, | ) ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**DECLARATION OF ARUN CHANDRA IN SUPPORT OF
SYMBOL'S AND WIRELESS VALLEY'S OPPOSITION TO ARUBA NETWORKS,
INC.'S MOTION FOR LEAVE TO AMEND ITS ANSWER AND FOR LEAVE TO
SERVE COUNTERCLAIMS ON MOTOROLA, INC.**

I, Arun Chandra, declare as follows:

1.  I am an attorney in the State of New York and an associate in the law firm of Hogan & Hartson, LLP, 875 Third Ave., New York, New York, 10022. This declaration is being submitted in support of Plaintiffs' Symbol Technologies, Inc. and Wireless Valley Communications, Inc. (hereinafter "Plaintiffs") Opposition to Aruba Networks, Inc.'s (hereinafter "Aruba") Motion for Leave to Amend its Answer and for Leave to Serve Counterclaims on Motorola, Inc. I make this declaration as of my own personal knowledge and/or my review of the records in this action.

2.  Attached hereto as Exhibit 1 is a true and correct copy of the February 22, 2008 e-mail from Plaintiffs' counsel to Aruba's counsel, seeking agreement on a proposed scheduling order in this action.

3.    Attached hereto as Exhibit 2 is a true and correct copy of the February 26, 2008 e-mail from Plaintiffs' counsel to Aruba's counsel, seeking agreement on a proposed scheduling order in this action.

4.    Attached hereto as Exhibit 3 is a true and correct copy of the March 5, 2008 letter from Plaintiffs' counsel to the Court, submitting Plaintiffs' proposed scheduling order.

5.    Attached hereto as Exhibit 4 is a true and correct copy of the March 7, 2008 letter from Aruba's counsel to the Court, stating Aruba's intent to seek a stay.

6.    Attached hereto as Exhibit 5 is a true and correct copy of the June 20, 2008 e-mail from Aruba's counsel to Plaintiffs' counsel, seeking extension of the discovery schedule.

7.    Attached hereto as Exhibit 6 is a true and correct copy of the July 31, 2008 letter from Plaintiffs' counsel to Aruba's counsel regarding document production by Plaintiffs.

8.    It is my belief that Plaintiffs have collected over 85 percent of the relevant documents.  The collected documents are currently being reviewed for production to Aruba by the document production deadline set by the Court.

I declare that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  August 4, 2008

_____
Arun Chandra

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 4, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 4, 2008, I have Electronically Mailed the document to the following person(s):

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19899
cottrell@rlf.com

Matthew D. Powers
Vernon M. Winters
Jason D. Kipnis
Weil, Gotshal & Manges LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
ArubaDelService@weil.com

Nicholas Groombridge
Paul E. Torchia
Etai Lahav
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
ArubaDelService@weil.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

816924 / 32106

# EXHIBIT 1

**Chandra, Arun**

| | |
|---|---|
| **Subject:** | FW: Symbol/Wireless Valley v. Aruba |
| **Attachments:** | 1072905_2.DOC¤ |

**From:** Lobenfeld, Eric J.
**Sent:** Friday, February 22, 2008 4:09 PM
**To:** nicholas.groombridge@weil.com; Paul.Torchia@weil.com; cottrell@rlf.com
**Cc:** Lobenfeld, Eric J.; Horwitz, Richard L.; Moore, David E.
**Subject:** Symbol/Wireless Valley v. Aruba

Nick et al. - plaintiffs would like to try to get this case moving. to that end, I am attaching a proposed Scheduling Order in the hope that we could reach agreement as to its content, and propose it to Judge Farnan. Please let me have your thoughts.

Thanks.

ERIC J. LOBENFELD, PARTNER
HOGAN & HARTSON LLP
875 Third Avenue, New York, NY 10022
direct +1.212.918.8202 | tel +1.212.918.3000 | fax +1.212.918.3100
ejlobenfeld@hhlaw.com | http://www.hhlaw.com

# EXHIBIT 2

**Chandra, Arun**

**Subject:**                    FW: Symbol/Wireless Valley v. Aruba

----- Original Message -----
From: Cottrell, Frederick <Cottrell@RLF.com>
To: Horwitz, Richard L.
Sent: Tue Feb 26 16:55:33 2008
Subject: RE: Symbol/Wireless Valley v. Aruba

I will speak with the client and co-counsel.

_____

Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal
tax issue in connection with this matter.

The information contained in this e-mail message is intended only for the use of the
individual or entity named above and may be privileged and/or confidential. If the reader
of this message is not the intended recipient, you are hereby notified that any
unauthorized dissemination, distribution or copying of this communication is strictly
prohibited by law. If you have received this communication in error, please immediately
notify us by return e-mail or telephone (302-651-7700) and destroy the original message.
Thank you.

_____

From: Horwitz, Richard L. [mailto:rhorwitz@Potteranderson.com]
Sent: Tuesday, February 26, 2008 4:11 PM
To: Cottrell, Frederick
Subject: FW: Symbol/Wireless Valley v. Aruba

What's going on with this? We have heard nothing. As I'm sure you're aware from other
cases, parties often send Judge Farnan a proposed scheduling order, even if not totally
agreed to, when he hasn't set a date for a status conference.

Rich

_____

From: Lobenfeld, Eric J. [mailto:EJLobenfeld@HHLAW.com]
Sent: Friday, February 22, 2008 4:09 PM
To: nicholas.groombridge@weil.com; Paul.Torchia@weil.com; cottrell@rlf.com
Cc: Lobenfeld, Eric J.; Horwitz, Richard L.; Moore, David E.
Subject: Symbol/Wireless Valley v. Aruba

Nick et al. - plaintiffs would like to try to get this case moving. to that end, I am
attaching a proposed Scheduling Order in the hope that we could reach agreement as to its
content, and propose it to Judge Farnan. Please let me have your thoughts.

Thanks.

Eric J. Lobenfeld, Partner
HOGAN & HARTSON LLP
875 Third Avenue, New York, NY 10022
direct +1.212.918.8202 | tel +1.212.918.3000 | fax +1.212.918.3100
ejlobenfeld@hhlaw.com <mailto:ejlobenfeld@hhlaw.com>  | http://www.hhlaw.com
<http://www.hhlaw.com/>

"EMF <HHLAW.COM>" made the following annotations.
-----------------------------------------------------------------------
This electronic message transmission contains information from this law firm which may be
confidential or privileged. The information is intended to be for the use of the
individual or entity named above. If you are not the intended recipient, be aware that any
disclosure,
copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone
(+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

=======================================================================

2

# EXHIBIT 3



Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

March 5, 2008

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

> Re:  **Symbol Technologies, Inc., et al v. Aruba Networks, Inc.**
> **C.A. No.  07-519-JJF**

Dear Judge Farnan:

We represent Plaintiffs Symbol Technologies, Inc. and Wireless Valley Communications ("Plaintiffs") in the above-referenced action.  Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1, Plaintiffs request that the Court set a date for a scheduling conference in this case.  A proposed Scheduling Order is enclosed herewith.

By way of background, Plaintiffs filed their Complaint alleging patent infringement by Defendant Aruba Networks, Inc. ("Aruba") on August 27, 2007.  On October 17, 2008, Aruba filed its responsive Answer and Counterclaims; the Answer contained several affirmative defenses.  Thereafter, on December 10, 2007, Plaintiffs filed their Reply to Aruba's Counterclaims.  Also, on December 10, 2007, Plaintiffs moved to strike certain of Aruba's defenses; the briefing with respect to this motion was completed in January.

On February 22, 2008, Symbol's counsel sent an e-mail to Aruba's counsel enclosing a proposed Scheduling Order, and seeking comments.  Aruba's counsel did not respond or acknowledge the proposal.  On February 26, Symbol's counsel again inquired of Aruba's counsel concerning a schedule and asked for a response.  There was none.  We then learned that on February 25, 2008, Aruba filed a petition for an *inter partes* reexamination of U.S. Patent No. 7,173,922 (the "'922 patent"), one of the four patents-in-suit.

Pursuant to Local Rule 16.1(a), on March 4, 2008, Plaintiffs' counsel conferred with Defendant's counsel to seek agreement with respect to Plaintiffs' proposed Scheduling Order.  Citing its petitioning for an *inter partes* reexamination of the '922 patent, Aruba's counsel declined to agree to any proposed schedule herein.  Instead, Aruba's counsel indicated that it

The Honorable Joseph J. Farnan
March 5, 2008
Page 2

intended to move to stay the entire case, based on its petition for reexamination of the '922 patent. Plaintiffs did not agree to the stay proposal, particularly since the petition does not involve the other three patents-in-suit. Thus, even if the Patent Office were to grant Aruba's petition, it would not impact any claim of the remaining patents-in-suit.

Accordingly, Plaintiffs believe that there is no need to further delay discovery in this action, and request that the Court set a date for a scheduling conference at the Court's earliest convenience.

Respectfully submitted,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH/msb
852947 / 32106

cc:     Clerk of the Court (via hand delivery)
        All Counsel of Record (via electronic mail)

# EXHIBIT 4

RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION

ONE RODNEY SQUARE

920 NORTH KING STREET

FREDERICK L. COTTRELL          WILMINGTON, DELAWARE 19801          DIRECT DIAL NUMBER
                                    (302) 651-7700                 302-651-7509
                               FAX (302) 651-7701                  COTTRELL@RLF.COM
                               WWW.RLF.COM

March 7, 2008

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, Delaware 19801

     Re:    **Symbol Technologies, Inc., et al. v. Aruba Networks, Inc.**
            **C.A. No. 07-519-JJF**

Dear Judge Farnan:

    We represent Defendant Aruba Networks, Inc. ("Aruba"), in the above-captioned case. We write to respond to the Plaintiffs' March 5, 2008, letter to the Court requesting a scheduling conference and submitting a proposed schedule.

    As Plaintiffs acknowledge in their letter, Aruba has already commenced reexamination proceedings on one of the patents in suit, the '922 patent, and intends to file a motion to stay this case shortly. Aruba intends to promptly prepare reexamination requests on the remaining patents as well.[1] Conducting a scheduling conference and setting a schedule in this case before the straightforward threshold issue of a stay of proceedings is decided would be an inefficient use of the Court's resources.

    This case is in its earliest stages. None of the issues now before the Patent Office have been developed during discovery or otherwise addressed. If the Plaintiffs' patents emerge from the reexamination proceedings, the parties can proceed at that time with minimal impact on the case. This is not a case where a stay would frustrate or disrupt ongoing proceedings before the Court. In any event, Plaintiffs would not be prejudiced if they had to wait the few weeks it will take the parties to submit their briefing on the motion to stay. Both parties and the Court would benefit by first addressing the issue of whether the case will proceed at this time before expending the resources in an effort to negotiate the details of a schedule.

    In their letter, Plaintiffs suggest that Aruba did not respond to their attempts to confer about a schedule. That is incorrect. I communicated with local counsel for Plaintiffs concerning

---

    [1] Thus, Plaintiffs are incorrect in their assertion that Aruba will rely solely on the reexamination of the '922 patent.

The Honorable Joseph J. Farnan, Jr.
March 7, 2008
Page 2

these issues during the past two weeks. Moreover, Nicholas Groombridge, outside counsel for Aruba, contacted outside counsel for Plaintiffs by both voicemail and email on March 3, 2008. In light of the parties' fundamental differences on the issue of a stay, they could not agree on a schedule.[2]

Aruba will file its motion to stay proceedings promptly. Because this motion presents a threshold question about the course of proceedings in this case, Aruba respectfully requests that the Court consider this motion before proceeding with a scheduling conference.

Respectfully,

Frederick L. Cottrell, III (#2555)

FLC:srs
cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via electronic mail)

---

[2] Aruba disagrees with Plaintiffs' proposed schedule even apart from the reexamination issues. Because the debate about the specific dates and discovery limits is subsidiary to the overarching question of the stay, however, Aruba does not address these details here. If the Court believes it would be useful, Aruba will be happy to confer about these issues with Plaintiffs further and submit its own dates if necessary.

# EXHIBIT 5

## Chandra, Arun

| | |
|---|---|
| **From:** | Paul.Torchia@weil.com |
| **Sent:** | Friday, June 20, 2008 11:23 AM |
| **To:** | Chandra, Arun |
| **Cc:** | Lobenfeld, Eric J.; Schaefer, Ira J.; Feller, Mitchell S.; ArubaDelService@weil.com |
| **Subject:** | RE: Symbol v. Aruba: Document Production |
| **Attachments:** | 1081442_1.DOC |

Arun-

I wanted to write to follow up on our call  today.

As you know, plaintiffs identified Airwave products as accused products for the first time in their discovery responses served a few days ago.
Airwave, a company acquired by Aruba last march, was not mentioned in the complaint, plaintiffs initial disclosures, or discovery requests.

As you state below we have less than two months left in the document discovery period.  That is not enough time to accommodate addition of Airwave to the case.  We raised the possibility of a compromise conditioned on pushing out discovery dates, and you said that you would have to get back to me.  Until we bottom out on this, it is hard for me to commit to a detailed document discovery protocol.  Please let me know if you would be willing to move the document and written discovery deadlines out (without an adjustment to the Markman date or the trial date).

On our call, we agreed to disagree on the issue of whether plaintiffs have properly put Airwave products at issue.  That is not something we need to debate now, but please understand that we are not conceding anything on that point by raising this compromise proposal.

Paul


| **"Chandra, Arun" <AChandra@HHLAW.com>** | To | Paul.Torchia@weil.com |
|---|---|---|
| | cc | ArubaDelService@weil.com, "Lobenfeld, Eric J." <EJLobenfeld@HHLAW.com>, "Schaefer, Ira J." <IJSchaefer@HHLAW.com>, "Feller, Mitchell S." |
| 06/20/2008 10:20 AM | | <MSFeller@HHLAW.com>, "Chandra, Arun" <AChandra@HHLAW.com> |
| | Subject | RE: Symbol v. Aruba: Document Production |

Paul,

Here is our draft of the Protective Order for the case.

Also, I wanted to check to see when we would hear back from you with respect to the document production protocol.  As I said earlier this week, considering that we have less than two months to complete document production, we would like to get the ball rolling as soon as possible.

Thank you.

-Arun

8/1/2008

Arun Chandra, ATTORNEY AT LAW
HOGAN & HARTSON LLP
875 Third Avenue, New York, NY 10022
direct +1.212.918.3547 | tel +1.212.918.3000 | fax +1.212.918.3100
AChandra@hhlaw.com | http://www.hhlaw.com

---

**From:** Paul.Torchia@weil.com [mailto:Paul.Torchia@weil.com]
**Sent:** Tuesday, June 17, 2008 12:20 PM
**To:** Chandra, Arun
**Cc:** Feller, Mitchell S.; ArubaDelService@weil.com
**Subject:** Fw: Symbol v. Aruba: Document Production

Arun-
One thing that we can move on now is the protective order.
Wondering where you are on getting a proposed draft for us to look at.

Paul

----- Forwarded by Paul Torchia/NY/WGM/US on 06/17/2008 12:18 PM -----

**Paul Torchia/NY/WGM/US**

06/17/2008 12:09 PM

To    AChandra@HHLAW.com

cc    MSFeller@HHLAW.com, ArubaDelService@weil.com

Subject  RE: Symbol v. Aruba: Document Production Link

Agree that we want to bottom out on this.
We are actively working on it and will get back to you as soon as we can.

Paul

**"Chandra, Arun"**
**<AChandra@HHLAW.com>**

06/17/2008 11:49 AM

To    Paul.Torchia@weil.com

cc    ArubaDelService@weil.com, "Feller, Mitchell S." <MSFeller@HHLAW.com>, "Chandra, Arun"
      <AChandra@HHLAW.com>

Subject  RE: Symbol v. Aruba: Document Production

8/1/2008

Paul,

We wanted to see when we would hear back from you with respect to the document production protocol. Considering the approaching deadline for document production, we would like to get the ball rolling as soon as possible.

Thanks.

-Arun

Arun Chandra, ATTORNEY AT LAW
HOGAN & HARTSON LLP
875 Third Avenue, New York, NY 10022
direct +1.212.918.3547 | tel +1.212.918.3000 | fax +1.212.918.3100
AChandra@hhlaw.com | http://www.hhlaw.com

---

**From:** Chandra, Arun
**Sent:** Wednesday, June 11, 2008 6:24 PM
**To:** Paul.Torchia@weil.com
**Cc:** ArubaDelService@weil.com; Chandra, Arun; Feller, Mitchell S.
**Subject:** RE: Symbol v. Aruba: Document Production

Paul et al.,

As discussed on our call, here is our proposal for document production:

1.    The parties shall produced documents in Tagged Image File Format (TIFF, or .TIF files).
2.    The parties shall give each page of the document its own identifying production number (or "Bates" number).
3.    The parties shall include any Confidentiality designation endorsed on the image of the document.
4.    The parties shall provide their production(s) with load files to enable the documents to be stored and accessed on the respective database/image viewer programs. Hogan & Hartson ("HH") utilizes Concordance as the database software and Opticon as the image viewer, and therefore, defendant's production(s) shall include Concordance delimiters in the load file(s) and the Opticon load file(s). Please let us know your firm's requirements and, assuming no technical or other issues, Plaintiffs will produce documents with appropriate delimitations.
5.    The parties shall produce the .xls, .csv and any other spreadsheets in tiff format with a hyperlink to the original format in "read only" format. The original file shall be named as the first production number of the tiffed document (i.e., ABCD0012345.xls). The hyperlink shall be included in the load file to the database and the original format files shall be produced in a separate folder on the production media.
6.    The parties will address production of source code in the Protective Order.
7.    The parties shall produce e-mails and their attachments, if any, in sequential production number order.
8.    The parties shall produce documents with the text extracted from the e-file and/or OCR (optical character recognition).
9.    The parties shall produce database load files that contain the following fields populated with the information that is extracted from the electronic file.

| Field Name | Description | Emails | Efiles/Attachments |
|---|---|---|---|
| Begctrlno | The beginning bates number for the item | X | X |

| Endctrlno | The ending bates number for the item | X | X |
|---|---|---|---|
| BegAttach | Contains the beginning bates number for the parent/child package | X | X |
| EndAttach | Contains the ending bates number for the parent/child package | X | X |
| Custodian | Contains the name of the person from whom the source data was gathered. | X | X |
| AuthorEmail | Contains the sender's e-mail address only.  Do not include folder path (ex. jsmith@abccorp.com) | X | |
| Sent_To | Contains the names for the To recipients for the e-mail. | X | |
| CC | Contains the names of the recipients listed in the carbon copy (CC) field of the e-mail. | X | |
| SentDate | Contains the date which the e-mail was sent. | X | |
| Subject | Contains the subject line of e-mails. | X | |
| Createdate | The date the Microsoft file was created. | X | X |
| LastModDate | Last Date Microsoft Office file was modified | | X |
| OriginalLink | Hyperlink path to the native file (Excel, csv or any other spreadsheet  files) | X | X |
| FileName | Contains the name of the file. | | X |
| FullText | Contains the body information of the e-mail or the raw text of the e-files/attachments or the OCR of documents that only exist in hard copy format. | X | X |

9.     The parties shall produce database load files that contain the following fields populated for documents that only exist in hard copy/paper format.

| Client Field Name | Description | Emails | Efiles/Attachments |
|---|---|---|---|
| Begctrlno | The beginning bates number for the item | X | X |
| Endctrlno | The ending bates number for the item | X | X |
| BegAttach | Contains the beginning bates number for the parent/child package | X | X |
| EndAttach | Contains the ending bates number for the parent/child package | X | X |
| Custodian | Contains the name of the person from whom the source data was gathered. | X | X |
| FullText | Contains the body information of the e-mail or the raw text of the e-files/attachments or the OCR of documents that only exist in hard copy format. | X | X |

10.     The parties shall use August 27, 2007 (date of complaint) as the cut off date for responsive documents. Documents dated or created after that date will be addressed on an issue by issue basis, and will likely be limited to financial data (for damages purposes) and/or documents relevant to any new products, features and/or revisions to existing products introduced by the parties, where the new products, features and/or revisions are covered by the claims of the patents-in-suit.

11.     The parties shall use August 27, 2007 as the last date that would need to be logged in the privilege log.

12.     Also, we will circulate a draft of a proposed Protective Order next week.  It will include a claw-back provision and a "Don't Ask, Don't Tell" provision regarding communications with experts and drafts of their reports.

13.     A reciprocal limited production shall begin within approximately two weeks, with continuous rolling production until August 15th.

Arun Chandra, ATTORNEY AT LAW
HOGAN & HARTSON LLP

8/1/2008

875 Third Avenue, New York, NY 10022
direct +1.212.918.3547 | tel +1.212.918.3000 | fax +1.212.918.3100
AChandra@hhlaw.com | http://www.hhlaw.com

---

**From:** Paul.Torchia@weil.com [mailto:Paul.Torchia@weil.com]
**Sent:** Friday, May 30, 2008 3:49 PM
**To:** Chandra, Arun
**Cc:** Lobenfeld, Eric J.; Feller, Mitchell S.; ArubaDelService@weil.com
**Subject:** Re: Symbol v. Aruba: Document Production

Arun-

Agreed that we should get together soon on this.  Let me get with my team and see what time works.

Paul

| | | |
|---|---|---|
| **"Chandra, Arun"**<br>**<AChandra@HHLAW.com>** | To | paultorchia@weil.com, ArubaDelService@weil.com |
| | cc | "Lobenfeld, Eric J." <EJLobenfeld@HHLAW.com>, "Feller, Mitchell S." <MSFeller@HHLAW.com>, "Chandra, Arun" <AChandra@HHLAW.com> |
| 05/30/2008 03:41 PM | | |
| | Subject | Symbol v. Aruba: Document Production |

Paul,

Can we have a brief conference call next Tuesday afternoon or Wednesday morning regarding document production logistics?  We would like to confer and reach an agreement with respect to the manner of document production as well as any other issues relevant to document production.  We will have our paralegal and technical support person available to address any logistical or technical questions that may come up.

I look forward to hearing from you.  Thank you.

-Arun

---

Arun Chandra, ATTORNEY AT LAW
HOGAN & HARTSON LLP
875 Third Avenue, New York, NY 10022
direct +1.212.918.3547 | tel +1.212.918.3000 | fax +1.212.918.3100
AChandra@hhlaw.com | http://www.hhlaw.com

---

```
"EMF <HHLAW.COM>" made the following annotations.
-----------------------------------------------------------------------
----
This electronic message transmission contains information from this law
firm which may be confidential or privileged. The information is intended
```

to be for the use of the individual or entity named above. If you are not
the intended recipient, be aware that any disclosure,
copying, distribution or use of the contents of this information is
prohibited.

If you have received this electronic transmission in error, please notify
us by telephone (+1-202-637-5600) or by electronic mail
(PostMaster@HHLAW.COM) immediately.

===========================================================================

---------------------------------------------------------------------------

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you

# EXHIBIT 6



Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
+1.212.918.3000 Tel
+1.212.918.3100 Fax

**www.hhlaw.com**

July 31, 2008

Arun Chandra
Associate
212-918-3547
achandra@hhlaw.com

*VIA ELECTRONIC MAIL AND HAND DELIVERY*

Paul E. Torchia, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Re: *Symbol Technologies, Inc. et al. v. Aruba Networks, Inc.,*
    Civil Action No. 07-519-JJF (D. Del)

Dear Paul:

Enclosed please find 3 disks containing documents bearing the following production numbers:
SBLWV_ARUBA00014369 to SBLWV_ARUBA00101888.  Please note that documents
designated as "Confidential" or "Highly Confidential – Outside Counsel Only" should be treated
under the provisions of the District of Delaware Local Rule 26.2, until entry of a Protective
Order in this case.

Sincerely,

Arun Chandra

Enclosures

cc:    Dawn Marie Mulvey

\\\NY - 030629/000001 - 1092040 v1