**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware corporation, and WIRELESS VALLEY COMMUNICATIONS, INC., a Delaware corporation,<br><br>　　　　　Plaintiffs and Counter-Defendants,<br><br>　　v.<br><br>ARUBA NETWORKS, INC., a Delaware corporation,<br><br>　　　　　Defendant and Counter-Claimant. | C.A. No. 07-519-JJF |

**REPLY BRIEF IN SUPPORT OF DEFENDANT ARUBA NETWORKS, INC.'S
MOTION FOR LEAVE TO AMEND ITS ANSWER AND FOR LEAVE TO SERVE
<u>COUNTERCLAIMS ON MOTOROLA, INC.</u>**

Of Counsel:

Matthew D. Powers
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Nicholas Groombridge
Paul E. Torchia
Etai Lahav
WEIL, GOTSHAL & MANGES LLP
New York Office
767 Fifth Avenue
New York, NY  10153-0119
(212) 310-8000

Frederick L. Cottrell, III (#2555)
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com

*Attorneys for Defendant and Counter-Claimant
ARUBA NETWORKS, INC.*

Dated: August 14, 2008

RLF1-3312450-1

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii
INTRODUCTION ............................................................................................................................... 1
ARGUMENT ....................................................................................................................................... 3
I.    ARUBA'S MOTION IS TIMELY ........................................................................................... 3
II.   ARUBA'S PROPOSED AMENDMENT WILL NOT PREJUDICE PLAINTIFFS ........ 4
      A.    Aruba's Patents Involve the Same Technology as Plaintiffs' Patents ................... 4
      B.    There is Sufficient Time in the Current Schedule to Accommodate
            Discovery Relating to Aruba's Patents ...................................................................... 6
      C.    Plaintiffs' Alleged Prejudice Is of Their Own Making ........................................... 6
III.  PLAINTIFFS' ACCUSATIONS THAT ARUBA HAS ATTEMPTED TO
      DELAY THE PROGRESS OF THIS CASE ARE FALSE ................................................ 7
CONCLUSION .................................................................................................................................... 9

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
    190 F. Supp. 2d 726 (D. Del. 2002)..............................................................................7

### FEDERAL STATUTES

Fed. R. Civ. P. 15(a) ...................................................................................................1, 10

**INTRODUCTION**

Aruba seeks to amend its answer to assert counterclaims against Motorola, Symbol, and Wireless Valley for the infringement of two patents, Aruba's U.S. 7,295,524 patent ("the 524 patent") and its U.S. 7,376,113 patent ("the 113 patent"), both of which, like Plaintiffs' asserted patents, relate to wireless local area network ("WLAN") technology. Aruba filed its motion to amend as soon as it was able to, and in any event a month-and-a-half in advance of the deadline for amending the pleadings, three months before the completion of document production, more than half a year before the close of fact discovery, and a year-and-a-half before trial. Plaintiffs will not be prejudiced by the amendment, as Aruba's counterclaims involve the same facts, the same witnesses, and the same products as Plaintiffs' patent infringement claims.

Plaintiffs' opposition reduces to a single argument—there is not enough time in the schedule to complete discovery on Aruba's claims.[1] That is incorrect. The overlap in the issues between the parties' claims is so extensive that the amendment will require almost no new discovery. For example, Plaintiffs will need to depose the inventors of the 113 and 524 patents regardless of the amendment, because these are the individuals that will testify about how the Aruba products that Plaintiffs have accused work. Many of the other fact witnesses who have knowledge of the parties' commercial exploitation of their respective technologies have knowledge relevant to both cases. Indeed, the commercial relationship between the parties, who are undisputedly competitors over the technology at issue, will be highly relevant in both cases. The scope of document discovery should similarly not change extensively, as Plaintiffs have already put products that Aruba has accused at issue by identifying them as embodying products

---

[1] Plaintiffs have not opposed the inclusion of Motorola as a Defendant to Aruba's counterclaims. (*See* Symbol's And Wireless Valley's Memorandum In Opposition, D.I. 59 ("Opp'n at ____".) at 1, n.2.) Thus, the only remaining issue for the Court is whether to allow the amendment at all under Federal Rule of Civil Procedure 15(a).

1

of Plaintiffs' patents.

Aruba, on the other hand, would be tremendously prejudiced were it forced to file a separate action. Aruba is not a large company. The key people and the key documents are the same with respect to both the instant claims and the proposed counterclaims. There can be no question that forcing Aruba to produce the same witnesses and litigate the same issues twice would duplicate costs extensively, and unnecessarily waste its resources.

A second action would also be a significant waste of the Court's resources and hamper its ability to arrive at efficient resolution of the parties' overall dispute. There is no reason for Plaintiffs to have this Court conduct two *Markman* hearings, two summary judgment hearings, two trials, or otherwise duplicate its efforts to address Aruba's counterclaims, which could easily be handled in this case. Moreover, any resolution of the parties' dispute, whether it be through court-ordered mediation or judicial ruling, will necessarily have to involve both sides' patents. Proceeding with only one side of the parties' dispute would only frustrate any attempt to resolve it in a timely manner.

Perhaps most importantly, Plaintiffs are themselves responsible for the vast majority of the delay about which they complain. Aruba raised the proposed amendment with them as soon as it was able; the maximum "delay" that could be attributed to Aruba is no more than a few weeks. However, rather than consent to the amendment, Plaintiffs objected, forcing Aruba to prepare and file a motion, and now forcing the Court to resolve this dispute. To the extent that the alleged "delay" is the period between when Aruba advised Plaintiffs of its intent to assert the two patents in question and the date when the Court rules on Aruba's motion, that passage of time is entirely attributable to Plaintiffs' refusal to consent. Had Plaintiffs agreed to the amendment, any incremental discovery it may necessitate would already be underway now.

2

Having chosen a course that necessarily pushes back the resolution of this issue, likely by several months, Plaintiffs cannot now turn around and claim that they have somehow been hurt by the delay of their own making.

**ARGUMENT**

**I.    ARUBA'S MOTION IS TIMELY**

Plaintiffs cannot dispute that Aruba promptly moved to amend in this case. With respect to both patents, Aruba filed its motion within weeks of obtaining the opportunity to do so.

Aruba moved to amend only seven weeks after the 113 patent issued. Specifically, the patent issued on May 20, 2008. Thereafter, Aruba promptly investigated its claims and prepared its proposed amended answer immediately after deciding to sue. Aruba sent Plaintiffs that draft amended answer and sought Plaintiffs' consent to its motion to amend on July 11, 2008. *See* Email from Paul Torchia to Arun Chandra and Eric Lobenfeld (Exh. 1).[2]

With respect to the 524 patent, Aruba advised Plaintiffs of its intent to assert the patent less than four weeks after Plaintiffs put the technology covered by the 524 patent at issue in this case. The 524 patent covers WLAN technology developed by a company known as Airwave Wireless, Inc. Aruba acquired that company—and with it the 524 patent—in March 2008. Although that acquisition was public, Plaintiffs did not accuse the Airwave products that embody the technology in the 524 patent until they served their interrogatory responses in June of this year, a month after the parties conducted the case management conference and after the Court entered a scheduling Order. *See* Email from Paul Torchia to Arun Chandra, dated June 20, 2008 (Exh. 2); Notice of Service of Plaintiffs' Responses to Aruba's First Set of

---

[2] All citations to Exhibits in the form "(Exh. __)" are citations to Exhibits to the Second Declaration of Etai Lahav, filed in support of this motion.

Interrogatories (D.I. 48). Based on that expansion of the scope of the case, on July 2, 2008, the parties negotiated a modest two month extension of the discovery schedule to accommodate the addition of the Airwave products to the case. *See* Emails exchanged between Paul Torchia and Arun Chandra, dated June 20-23, 2008 (Exh. 2); Amended Scheduling Order (D.I. 49). A mere nine days after filing the stipulated Amended Scheduling Order with the Court, Aruba sent its draft amended answer to Plaintiffs and sought their consent to this motion. (Exh. 1). Plaintiffs waited nearly a week to refuse their consent to Aruba's motion to amend. *See* Emails from Arun Chandra to Paul Torchia, dated July 16, 2008 (Exh. 3). Aruba filed its motion immediately thereafter, a month-and-a-half in advance of the deadline for amending the pleadings, three months before the completion of document production, more than half a year before the close of fact discovery and a year-and-a-half before trial. *See* Scheduling Order (D.I. 37); Amended Scheduling Order (D.I. 49). Plaintiffs have not cited a single authority suggesting that a motion to amend should be denied in the face of facts like these.

## II.   ARUBA'S PROPOSED AMENDMENT WILL NOT PREJUDICE PLAINTIFFS

Aruba's proposed amendment will not prejudice Plaintiffs because it involves the same technology as Plaintiffs' patents, concerns the same products that are already in the case and involves substantially the same witnesses that will testify at trial even if no amendment is entered.

### A.   Aruba's Patents Involve the Same Technology as Plaintiffs' Patents

Aruba's 524 and 113 patents address related issues to those addressed by Plaintiffs' patents in the very same technological space—WLANs. Plaintiffs assert that "the technologies that are the subject of Plaintiffs' patents are entirely separate and distinct from those of the Aruba patents." (Opp'n at 9.) Plaintiffs are wrong.

Aruba's 524 patent and Wireless Valley's U.S. 6,973,622 patent ("the 622

4

patent") both address problems in WLAN management. The 524 patent addresses the detection of "rogue" devices in the WLAN airspace that may affect network security, and the 622 patent addresses optimization of an installed WLAN by allowing a user to receive and analyze certain data from the WLAN. Both patents describe ways for receiving information from the WLAN and processing it as a way to give the user a better idea of how the WLAN is operating. And both patents suggest a particular protocol—simple network management protocol (SNMP)—as one method of implementing their respective solutions.

Similarly, Aruba's 113 patent, and Symbol's U.S. 7,173,922 and 7,173,923 patents disclose solutions relating to communication between a wireless access point and a wired network. The patents disclose methods for encapsulating data as it travels between the access point and the wired network, and for doing so in a manner that provides for network security. The similarity between technological subject matter in the parties patents is far closer than merely "relat[ing] generally to WLANs," as Plaintiffs suggest. (Opp'n at 10.)

It is consequently no surprise that the witnesses that will testify with respect to Aruba's counterclaim are the same people who will testify in any event with respect to Plaintiffs' infringement claim. The inventors of the Aruba patents, for example, are the very same individuals who will have to testify, regardless of whether this motion is granted, about how the accused Aruba products work. *See* Aruba's First Supplemental Initial Disclosures (Exh. 4) (listing 113 patent inventors Pradeep Ayer and John Taylor as having knowledge relating to Aruba's products accused of infringement by Plaintiffs, and 524 patent inventors Jason Luther and Paul Gray as having knowledge relating to the Airwave products accused of infringement). Moreover, Aruba's other fact witnesses will provide testimony related to Aruba's exploitation of its patents, its commercial sales of embodying products (including products that Plaintiffs have

accused), competition with Plaintiffs, and any interactions with Plaintiffs. These issues are highly relevant to both Aruba's defense of Plaintiffs' case and Aruba's prosecution of its own infringement case. There is no reason these witnesses should be forced to testify twice.

### B. There is Sufficient Time in the Current Schedule to Accommodate Discovery Relating to Aruba's Patents

Plaintiffs' cries of prejudice amount to a single unfounded complaint—that the proposed amendment will so enlarge the scope of this case that discovery will not be able to be completed within the current schedule. This is not so. As described above, Aruba's patents cover very similar technology to Plaintiffs' patents. Thus, the scope of discovery will not change meaningfully as a result of Aruba's proposed amendment.

As of the filing of this paper, the deadline for completing document production and contention discovery, October 15, 2008, is two months away; the close of fact discovery, January 30, 2009, is over five months away; and trial, scheduled for January 11, 2010, is nearly a year and a half away. The parties have only just begun their document productions, not a single deposition has yet been taken, and despite their complaint of having to serve more written discovery, Plaintiffs have only served thirteen of their allotted fifty interrogatories. Thus, there is clearly ample capacity in the current schedule to accommodate the limited effect Aruba's proposed amendment will have on the scope of discovery while still keeping the case on track for the current trial date in January 2010, especially in view of the significant overlap in issues, witnesses, and evidence.

### C. Plaintiffs' Alleged Prejudice Is of Their Own Making

As detailed above, allowing Aruba's proposed amendment will not cause Plaintiffs any prejudice. But to the extent there is any prejudice, it is of Plaintiffs' own making. Aruba approached Plaintiffs on July 11—a mere month after the commencement of discovery

6

and before a single document had been produced—seeking their consent to the proposed amendment. Instead of acknowledging that the amendment was timely and proper and consenting, Plaintiffs refused to consent, forcing Aruba to engage in motion practice. Had Plaintiffs simply consented to the amendment when first approached, they would have had ample time for any "additional" discovery necessitated by Aruba's counterclaims. It is their refusal to consent to the proposed amendment—not the amendment itself—that caused any prejudice about which they could complain.

### III. PLAINTIFFS' ACCUSATIONS THAT ARUBA HAS ATTEMPTED TO DELAY THE PROGRESS OF THIS CASE ARE FALSE

As discussed above, Plaintiffs have no argument that Aruba delayed in bringing its motion or brought it with a desire to delay the resolution of this case. In lieu of any real showing of delay relevant to the motion, Plaintiffs have filled their opposition with false accusations regarding *other* supposed dilatory conduct bearing no relation to Aruba's proposed amendment. None of this mud-slinging is legally relevant to Aruba's motion. The question for the Court is whether Aruba's *amendment* is brought with dilatory motive. *Agere Sys. Guardian Corp. v. Proxim, Inc.* 190 F. Supp. 2d 726, 732 (D. Del. 2002). Although Aruba regrets having to burden the Court with responses to these accusations, Aruba must do so because they are demonstrably false and off base, and because the record must be made straight.

Plaintiffs accuse Aruba of "resisting Plaintiffs' efforts" to set up the a scheduling conference with the Court. (Opp'n at 1.) Plaintiffs have made this accusation before, *see* Letter from Richard Horwitz to the Court, dated March 5, 2008 (D.I. 20), and Aruba has already pointed out its falsity. *See* Letter from Frederick L. Cottrell, III to the Court, dated March 7, 2008 (D.I. 21). Aruba had several conversations with Plaintiffs in advance of the scheduling conference and negotiated a joint order which was submitted to the Court in accordance with the

7

Court's Order.

Plaintiffs also falsely accuse Aruba of not cooperating with producing documents. (Opp'n at 5.) When Aruba filed this motion, neither Aruba nor Plaintiffs had produced a single document. That fact is not disputed. Plaintiffs, in a clear effort to provide themselves with ammunition to accuse Aruba of misconduct, produced a CD containing over 87,000 pages of documents two business days before they filed their opposition, *see* Letter from Arun Chandra to Paul Torchia, dated July 31, 2008 (Exh. 5), and then, incredibly, accused Aruba of failing to provide documents. Manifestly, Plaintiffs' purpose in producing documents on that date was simply so that they could claim in their brief opposing this motion that there was a disparity in document production and try to portray Aruba as uncooperative. That assertion is flat wrong and Plaintiffs' use of such tactics is regrettable. In any event, since filing this motion Aruba has produced over 37,000 pages of documents. Aruba is currently reviewing additional documents and will be producing relevant documents on a rolling basis.

In addition, Plaintiffs suggest that Aruba sought reexamination of Plaintiffs' patents in order to improperly delay this case. (Opp'n at 1.) There is nothing improper about Aruba's decision to file a reexamination. One of the purposes of reexamination is to allow for less costly resolution of validity issues than litigation. Moreover, Aruba was entitled to seek a stay pending the conclusion of reexamination proceedings, and there are numerous cases in this and other districts granting such motions. The suggestion that Aruba's request for a stay should in any way impact its present motion to amend makes no sense.

Next, Plaintiffs suggest that Aruba's request for two additional months of discovery in order to incorporate the newly identified Airwave products into the case was somehow improper. (Opp'n at 2.) Plaintiffs not only agreed to this request, but are now

8

benefiting from it. According to Plaintiffs' own brief, they have not even finished their document collection, much less their production. (Opp at 12.) Had Plaintiffs not agreed to the discovery extension they would now be in violation of the original scheduling order. The parties never had any serious disagreement about moving out the discovery deadlines, and Plaintiffs' attempt now to paint that agreement as something forced on it by Aruba is disingenuous.

Finally, Plaintiffs suggest that Aruba's counsel were less than candid with the Court when asked about Aruba's intellectual property at the May 7 hearing. (Opp'n at 3-4.) The Court asked Aruba's counsel whether it had intellectual property covering its technology. Aruba's counsel answered that it did. Rule 16 Conference Hr'g Tr. 11-12, May 7, 2008 (D.I. 36). Plaintiffs imply that Aruba's counsel were somehow concealing the 113 and 524 patents from the Court. They were not. The 113 patent issued after the May 7 hearing. And the 524 patent covers technology implicated by the Airwave products which were first made part of the case on June 16 through Plaintiffs' interrogatory responses. Had Aruba known that it intended to assert the 113 and 524 patents at the time, it would have apprised the Court of this fact, and would have moved to amend immediately. Aruba wants these patents in the case. The suggestion that Aruba would have had some interest in hiding from the Court an intention to assert them simply makes no sense.

## CONCLUSION

Forcing Aruba to assert its infringement claims as a new case wastes the Court's, Aruba's, and Plaintiffs' time and resources. Both parties have intellectual property in the WLAN field, and Aruba's claims involve the same facts, witnesses and technology as Plaintiffs' claims. The only way to fully resolve the parties' dispute—whether through mediation, settlement, or judicial resolution—is to deal with all of the issues at the same time. Therefore,

9

the Court should grant Aruba's motion.  It is respectfully submitted that justice so requires.

Fed. R. Civ. P. 15(a)(2).

Of Counsel:

Matthew D. Powers
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA   94065
(650) 802-3000

Nicholas Groombridge
Pal E. Torchia
Etai Lahav
WEIL, GOTSHAL & MANGES LLP
New York Office
767 Fifth Avenue
New York, NY   10153-0119
(212) 310-8000


Dated: August 14, 2008

*/s/ Frederick L. Cottrell, III*_____
Frederick L. Cottrell, III (#2555)
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE   19801
(302) 651-7700
cottrell@rlf.com

*Attorneys for Defendant and Counter-Claimant*
*ARUBA NETWORKS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**VIA E-MAIL & HAND DELIVERY**

Richard L. Horwitz
David E. Moore
Potter, Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

**VIA E-MAIL**

Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
Arun Chandra
Hogan & Hartson, L.L.P.
875 Third Avenue
New York, NY 10022
ejlobenfeld@hhlaw.com
ijschaefer@hhlaw.com
lbrocchini@hhlaw.com
achandra@hhlaw.com

/s/ *Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com